Arnold TYSDALE, individually and doing business as Trailite Trailer Mfg. Co., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 3-60-294.

United States District Court
D. Minnesota,
Third Division.

Feb. 27, 1961.

DONOVAN, District Judge.

Plaintiff brings this action against the defendant United States of America to recover a refund of federal excise taxes in the amount of $589.54 plus interest thereon which he alleges were erroneously and illegally assessed and collected by defendant. Plaintiff also seeks abatement of certain additional excise taxes in the amount of $41,342.67, which defendant seeks to collect from him and which plaintiff claims were wrongfully and illegally assessed.

Defendant now moves the Court to dismiss the action on the grounds:

1. That plaintiff has failed to state a claim upon which the requested relief can be granted in that plaintiff has failed to allege that he has not included the aforementioned excise taxes in the price of the articles upon which the tax was imposed or that he has not collected the amount of the tax from the vendee or vendees of the articles, and that there is, therefore, no showing that the expense of the taxes has in fact been borne by plaintiff.

2. That this Court has no jurisdiction as to that part of the complaint of plaintiff which prays the Court to abate the aforementioned taxes assessed against plaintiff, there being no statute granting such jurisdiction to the federal courts and further, that such abatement would constitute a declaratory judgment or injunction of the assessment or collection of taxes, remedies both specifically barred by federal statute.[1]

The first contention of the defendant can be summarily disposed of by directing attention to the second amended complaint of plaintiff, count II (in the alternative), paragraph 9, page 9, which reads:

"The rentals charged the public were no greater or different in the case of trailers manufactured by plaintiff than in the case of trailers purchased elsewhere for which no additional excise tax was due. Rentals charged the public were deter-

---

1. 26 U.S.C. § 7421, 28 U.S.C. § 2201.

mined essentially by competition and the competitors of plaintiff were not manufacturing their own trailers. Plaintiff never incorporated an excise tax into his rental charges and never made a fixed charge in addition thereto. At the time of the assignment of the assets used by plaintiff in the trailer rental business in exchange for stock in Rent-A-Trailer System, Inc. no amount of excise tax was considered or provided for either as a part of the transaction or in addition thereto. The burden of the tax has not been borne by the general public or by Rent-A-Trailer System, Inc., but by plaintiff."

The allegations contained therein, regardless of the merits fulfill the requirement that plaintiff allege that he has borne the burden of the tax and has not passed it on to others by including it in the selling price.[2]

The second contention of defendant that jurisdiction is lacking on the grounds that there is no statute granting this Court the power to abate taxes necessitates an examination of the law and the cases applicable thereto.

That this Court has jurisdiction of the claim for refund of $589.54 which plaintiff has paid is undisputed for the reason that the amount of an excise tax is separable as to each transaction.[3] Defendant contends, however, that the Court has no jurisdiction as to the $41,342.67 assessment which plaintiff seeks to have abated.

A thorough search has failed to reveal any case in which the relief asked by plaintiff has been granted by a Federal District Court.

▮ The statutes and the cases are all very clear that the taxpayer must pay the tax and sue for a refund where excise taxes are involved.[4] However, it is my opinion that the taxpayer is not required to pay the entire amount of the assessed taxes as a condition precedent to commencing action.

Here plaintiff must bring his action for refund of the $589.54 which he has paid. Should he recover, that judgment will likely be determinative of the validity of the remaining assessment.

It is the opinion of this Court that the motion of defendant to dismiss this action must be, and hereby is, denied, and that plaintiff be required to amend his complaint in conformity with this opinion.

It is so ordered.

Defendant may have an exception.

---

2. Warner v. First National Bank of Minneapolis, D.C.Minn., 135 F.Supp. 687, affirmed 8 Cir., 236 F.2d 853.

3. Flora v. United States, 362 U.S. 145, 175, footnote 38, 80 S.Ct. 630, 4 L.Ed. 2d 623.

4. Flora v. United States, supra.