Hilton M. ETHERIDGE and Herman
Savage, t/a Starlite Restaurant,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16520.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1962.

Decided March 15, 1962.

Mr. Samuel C. Klein, Washington, D.
C., for appellants.

Mr. Robert L. Waters, Atty., Dept. of
Justice, of the bar of the Supreme Court
of Alabama, pro hac vice, by special leave
of court, with whom Asst. Atty. Gen.
Louis F. Oberdorfer, Messrs. Lee A.
Jackson and A. F. Prescott, Attys., Dept.
of Justice, were on the brief, for appellee.
Messrs. David C. Acheson, U. S. Atty.,
and Douglas Kahn, Atty., Dept. of Jus-
tice, also entered appearances for appel-
lee.

Before WILBUR K. MILLER, Chief
Judge, and DANAHER and BASTIAN, Cir-
cuit Judges.

WILBUR K. MILLER, Chief Judge.

For the quarterly periods from Octo-
ber 1, 1954, to December 31, 1956, the ap-
pellants reported to the District Director
of Internal Revenue cabaret tax liabili-
ties aggregating $12,535.17 from the op-
eration of their restaurant, and periodi-
cally paid the taxes disclosed by their re-
turn.

On January 31, 1958, the Director noti-
fied the appellants he had determined an
additional tax liability of $31,660.55 for
the nine quarters involved. Negotiations

for settlement having failed, an assessment was made and on March 11, 1960, appellants were served with notice and demand for payment of $31,660.55 plus interest of $7,861.87. On March 21, 1960, the appellants paid under protest the sum of $500, and simultaneously filed with the Director, on the prescribed Form 843, a claim for refund of the payment and for the abatement of the remainder of the assessment.

On the face of Form 843 is a space or box headed thus: "The District Director will indicate in the block below the kind of claim filed, and fill in, where required." Three are listed:

(1) "Refund of Taxes Illegally, Erroneously, or Excessively Collected."

(2) "Refund of Amount Paid for Stamps Unused, or Used in Error or Excess."

(3) "Abatement of Tax Assessed (not applicable to estate, gift, or income taxes)."

The Director checked only the first of the three, although the appellants had plainly indicated on the form that they sought not only the refund, but also the abatement of the remainder of the assessment. The Director's error in this regard may have led to the Government answer's erroneous denial of the complaint's statement that appellants' claim on Form 843 included the abatement as well as the refund.

On May 27, 1960, the Director sent the following form letter to the appellants:

"In accordance with the provisions of existing internal revenue laws, this notice of disallowance in full of your claim or claims is hereby given.

"No suit or proceeding in any court for the recovery of any internal revenue tax, penalty, or other sum which is a part of the claim for which this notice of disallowance is issued, may be begun after the expiration of two years from the date of mailing of this letter."

On the face of the letter was a notation, "In Re: Claim For Refund of $31,660.-00," and on the back were figures relating to the several quarters which are not explained but which may be the serial numbers assigned to the quarterly returns or the Director's audits thereof. Six days after the date of the Director's letter, the taxpayers sued the United States in the District Court seeking judgment for $500 with interest and costs, and the abatement of the remainder of the assessment.

By an answer filed August 1, 1960, the United States denied the appellants' allegation that they maintain adequate and complete records from which the tax due can be determined, and denied their allegation that the Director had based the assessment "on an arbitrary conclusion that 85% of the gross sales of the business should be subject to a cabaret tax." The Government also denied—erroneously, as we have shown—the complaint's allegations that the claim filed covered not only the amount paid but the entire assessment as well.

Except the taking of a deposition, there was no further step until February 17, 1961, when the United States moved the court "to enter judgment on the pleadings, dismissing this action, on the grounds that the Court lacks jurisdiction of the subject matter of the action [1] and the complaint fails to state a claim on which relief can be granted." The motion was granted May 8, 1961, and the complaint was dismissed with prejudice. Their motion for rehearing having been denied, the taxpayers appeal.

The claim for refund and the claim for abatement are governed by different principles and must therefore be considered separately. We cannot tell, with respect to either, whether the District Court dismissed the complaint for lack of jurisdiction of the subject matter or

---

1. The Government thus challenged the District Court's jurisdiction without withdrawing the concession of jurisdiction contained in its answer.

on the ground it failed to state a claim upon which relief could be granted.

■ 1. *The claim for refund.* We reject the argument that the District Court did not have jurisdiction. It seems clear that 28 U.S.C. § 1346(a) (1) constitutes the Government's consent to be sued in the district courts "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * *."

We next consider whether the complaint states a claim upon which relief can be granted. Section 6416 of the Internal Revenue Code of 1954, 26 U.S.C. § 6416, as amended, provides that no credit or refund of any overpayment of certain taxes (including the cabaret tax) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary or his delegate, that he has not included it in the price charged by him and has not collected the amount of the tax from his customers, or establishes that he has repaid the tax to the customer who paid it, or files the written consent of such customer that the credit be given or the refund made.

Section 7422(a) of 26 U.S.C. is as follows:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

■ The complaint in this action does not contain an allegation that the amount of the assessed tax was not passed on to the restaurant's customers, or that they have consented to the refund sought; and Form 843, attached as an exhibit to the complaint, does not contain any such allegation. Consequently, in respect of the claim for refund, the complaint does not state a claim upon which relief can be granted, and was properly dismissed.

Whether dismissal with prejudice was proper must be considered. The trial judge did not explain why he added the words "with prejudice," and we can only speculate as to his reason. Probably he did so because, on the date of dismissal, it was too late for the appellants to amend or supplement Form 843 by adding the necessary statement, so he knew they could not allege in a new complaint that they had filed with the Director a claim for refund which complied with statutory requirements; the judge may have concluded such an allegation would be indispensably necessary in a new complaint. Whether so or not is the immediate question, for the appellants still have time to file a new complaint containing the necessary allegation unless they must allege it was also asserted in Form 843.

Instructions to the claimant, printed at the foot of Form 843, do not inform him that he must show he had not passed the tax on to his customers, and the record does not show the Director ever suggested, prior to his denial of the claim, that it did not contain an allegation necessary to establish his authority to grant a refund. Nor does the Director's letter of May 27, 1960, refer to a formal deficiency as the basis of the rejection. On the contrary, the letter of denial is general in terms, and seems to us to indicate he had considered, and was rejecting, the claim on its merits.

■■ On somewhat similar considerations, the Fifth Circuit held the Commissioner of Internal Revenue had the right to and had waived the requirements of the statute there involved to the extent that the Tax Court should have allowed the claimant a reasonable opportunity to amend his evidence to conform to statutory requirements.[2] We hold

2. South Coast Corp. v. Com'r of Int. Rev., 180 F.2d 878, 887 (1950).

that, in the circumstances shown here, the Director waived the requirement that Form 843 show the tax had not been passed on to the customers, and that therefore the District Court erred in dismissing the complaint with prejudice, as far as the claim for refund is concerned. It follows that the appellants may, if they are so advised, file a new complaint containing the allegation which was fatally omitted from the complaint now under consideration.

2. *The claim for abatement.* Strictly speaking, the Director has not passed on the claim for abatement as such. His letter of disallowance, dated May 27, 1960, is headed, "In Re: Claim For Refund of $31,660.00," as we have said. Thus, the Director treated appellants' Form 843 as a claim for refund of the entire amount of the assessment, the larger part of which had not been paid; his letter made no disposition of, or direct reference to, the claim for abatement.

As the Director's error in this regard was probably due to inadvertence, and as he described his action as a "disallowance in full of your claim or claims," we think his letter should be considered as a disallowance of the claim for abatement.

Section 6404 of the Internal Revenue Code of 1954, 26 U.S.C. § 6404, is in pertinent part as follows:

"§ 6404. Abatements.

"(a) General Rule.—The Secretary or his delegate is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which—

"(1) is excessive in amount * *

* * * * * *

"(b) No claim for abatement of income, estate, and gift taxes.—No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B."

3. 26 C.F.R. § 301.6404–1(c) (1961).

Pursuant to this statutory provision, the following regulation has been promulgated:[3]

"(c) Except in case of income, estate, or gift tax, if more than the correct amount of tax, interest, additional amount, addition to the tax, or assessable penalty is assessed but not paid to the district director, the person against whom the assessment is made may file a claim for abatement of such over-assessment. Each claim for abatement under this section shall be made on Form 843 and shall be filed with the district director for the internal revenue district in which the tax was assessed. *Form 843 shall be made in accordance with the instructions relating to such form.*" (Emphasis added.)

The claim for abatement filed by the appellants on Form 843 was prepared in accordance with the instructions printed on the form, but the Director disallowed it. In this suit against the United States, the appellants demanded the abatement they had sought from the Director. The District Court's dismissal of the complaint, insofar as it related to the abatement of the unpaid portion of the assessment, may well have been based on lack of jurisdiction. The Code provisions relied upon in the complaint as giving jurisdiction to the district courts[4] do not contain or constitute a Congressional consent that the Government be sued for the abatement of an unpaid tax assessment, and as far as we know no other statute has permitted such a suit against the United States. An action against the Government for the abatement of a tax assessment would be tantamount to a suit for a declaration of rights as to the correctness of the assessment. The statute authorizing the district courts to declare the rights of an interested party in a case of actual controversy expressly excepts Federal taxes from the granted jurisdiction. 28 U.S.C. § 2201. Moreover, Congress has provid-

4. 28 U.S.C. § 1346(a) (1), quoted above, and §§ 1402 and 2402, as amended.

ed that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). It seems clear, therefore, that the District Court properly dismissed the complaint insofar as it sought abatement of the unpaid portion of the assessment.

The judgment of the District Court is affirmed except that, with respect to the claim for refund, it is reversed insofar as it ordered dismissal with prejudice. As we hold that, in regard to the claim for refund, the dismissal should have been without prejudice, the cause is remanded for an appropriate amendment of the order dismissing the complaint. As an alternative, in order to save time and expense, the District Court may, if it chooses, set aside its order of dismissal with respect to the claim for refund, and permit the filing of an amended complaint containing the essential allegation.

Affirmed in part and reversed in part.