Harry T. EVANS

v.

A. C. ROSS, District Director of Internal Revenue for the District of Georgia.

Civ. A. No. 8165.

United States District Court
N. D. Georgia,
Atlanta Division.

May 1, 1964.

Rogers & Feldman, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

On March 16, 1964, the defendant in the above-styled case moved this Court to enter an order dissolving the injunction granted on December 14, 1962, and which was continued by this Court's order of February 8, 1963, in that the injunctive relief granted is in violation of the provisions of Section 7421(a) of the Internal Revenue Code of 1954. The defendant also moves to dismiss the complaint for the reason that the complaint fails to state a claim upon which relief can be

granted; the complaint seeks a declaratory judgment with regard to a federal tax, such remedy not being available to the plaintiff pursuant to the provisions of Section 2201 of Title 28, United States Code; and there is no jurisdiction in this Court to entertain this suit and grant the relief requested.

The plaintiff herein contends that the restraining order now in effect was entered into by consent of the parties at the request of the United States Attorney, and that this Court, by order of February 8, 1963, has already ruled on the question of jurisdiction.

A hearing was had on these motions on April 7, 1964, in Atlanta, at which time this Court reached the conclusion that no exceptional and extraordinary circumstances are involved in this case, with the result that the relief prayed for in the complaint is unavailable to the plaintiff under Section 2201, Title 28, of the United States Code. Therefore, this Court lacks jurisdiction to act in the matter.

The plaintiff filed this suit to enjoin the District Director of Internal Revenue from completing a distraint sale of personal property belonging to the plaintiff, to prevent the Director from any further collection activities involving this tax, and to quash the assessment and strike it from the record. On December 14, 1962, an agreed order was entered by which the temporary restraining order was extended until further order of this Court and by which the plaintiff's personal property was returned to him upon his posting an appropriate bond.

On February 8, 1963, this Court entered its further order denying the defendant's motion to dismiss and continuing the temporary restraining order in full force and effect.

■ Section 7421 of the Internal Revenue Code of 1954 states that a suit to enjoin the assessment or collection of a federal tax shall not be maintained in any court. In some cases, a judicial exception has been recognized to this statutory prohibition, but only in the rare case

where there are present both exceptional and extraordinary circumstances and an attempt to enforce a patently illegal tax. Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. There are a number of cases which attempt to define what constitutes exceptional and extraordinary circumstances, but in these cases, it has been held that the mere inability to pay the tax or a great financial burden is never such a circumstance as to warrant injunctive relief. McDonald v. Phinney, 285 F.2d 121 (C.A. 5); Reams v. Voorman-Fehn Printing Company, 4 Cir., 140 F.2d 237.

■■ In the case of Enochs v. Williams Packing Company, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, the Court said:

"[I]f, * * * under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund".

Therefore, under this latest ruling by the Supreme Court, as long as the assessment was made and is claimed to be valid, the Act prohibits an injunction.

■ The Court of Appeals for the Fifth Circuit, in Larson v. House, 112 F.2d 930, points out that the taxpayer has an adequate remedy at law by paying the tax and suing for a refund. He is not afforded the remedy of a declaratory judgment with regard to federal taxes. 28 U.S.C.A. § 2201; Singleton v. Mathis, 8 Cir., 284 F.2d 616; and Etheridge v. United States, 112 U.S.App.D.C. 151, 300 F.2d 906.

However harsh this may be upon the taxpayer, nevertheless, in the opinion of this Court, his complaint does not state a cause of action against the United States and, therefore, the temporary re-

straining order heretofore issued will be dissolved and the complaint dismissed for lack of jurisdiction over the subject matter.

It is so ordered.