Fred DOWIE, doing business under the assumed name and style of Freddie's Inn, Plaintiff,

v.

UNITED STATES of America, Defendant.

Beatrice A. BRODI, doing business under the assumed name and style of Swanky Inn, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 9428, 9581.

United States District Court
N. D. New York.

Nov. 4, 1964.

Henry J. Gelles, Lake Placid, N. Y., for plaintiffs Fred Dowie and Beatrice A. Brodi.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant; Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Rufus E. Stetson, Jr., Marvin J. Garbis, Attys., Dept. of Justice, Washington, D. C., of counsel.

JAMES T. FOLEY, Chief Judge.

Identical but separate motions to strike counterclaims of the government in each action were made that rest for decision on the same principles of law. This decision shall discuss and decide both.

In the Dowie case, the complaint demands the return of $735.72, paid as excise taxes to the government, plus a declaratory judgment that the total assessment of $36,304.93 for excise taxes is erroneous and illegal. The counterclaim of the government is for the balance of the assessment unpaid in the amount of $35,569.21.

In the Brodi case, the complaint demands the return of $985.73 paid as excise taxes, with again declaratory judgment to the effect the total assessment for excise taxes in the amount of $23,185.73 is illegal. The counterclaim of the government sought to be stricken is the balance of $21,291.26, inasmuch as admittedly $1,894.47 was collected from the taxpayer. The grounds urged for striking the counterclaim in each instance are that the counterclaims are redundant and their purpose and effect merely to re-state the controversy initiated by the complaints. The federal rule invoked for the relief is Rule 12(f) of the Federal Rules of Civil Procedure.

 In my judgment, there is no merit to the contention of the plaintiffs. Jurisdiction of the entire assessment in each case is lacking from the complaints alone because by statute and settled law under the admitted circumstances here the amounts only actually paid or collected can be put in issue. (Section 7422(a); U.S.C.A. Tit. 26; Etheridge v. United States, 112 U.S.App.D.C. 151, 300 F.2d 906; Poretto v. Usry, 5 Cir., 295 F.2d 499). Excise taxes may be divisible into a tax on each transaction or event and the full-payment rule applicable to income taxes may not apply to excise taxes. (Flora v. United States, 362 U.S. 145, pgs. 171–172, 80 S.Ct. 630, 4 L.Ed.2d 623, fns. 37, 38). However, it seems clear that the necessary support for the excess comes only from the counterclaims of the government seeking judgment for the balance of the unpaid or uncollected taxes, with penalty and interest. The counterclaims are allowable, and in fact

essential. (F.R.Civ.Proc. 13(a); Jones v. Fox, (D.C. Maryland, 162 F.Supp. 449, 455–457; 26 U.S.C.A. 7422(e)).

The motion in each action to strike the counterclaim is denied, and dismissed, and it is

So ordered.