UNITED STATES ex rel. Robert
BURNETTE, Appellants,

v.

Ed DRIVING HAWK et al., Appellees.

No. 78–1280.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Nov. 20, 1978.

Robert Burnette, pro se.

Terry L. Pechota, Mission, S.D., for appellee.

Before LAY, BRIGHT and ROSS, Circuit
Judges.

ROSS, Circuit Judge.

This civil case was brought in the United
States District Court for the District of
South Dakota to recover, on behalf of the
United States and the plaintiff, federally
appropriated funds allegedly improperly
spent by defendants. 25 U.S.C. § 450d.

On April 4, 1978, the federal district court
filed an order which stated: "It appearing
that 25 U.S.C. § 450d is a criminal statute
and that Plaintiff, therefore, has no standing to bring suit under its provisions, Defendant's Motion to Dismiss is hereby
granted." The sole issue on appeal is
whether the district court erred in that
holding.

■■ Admitting that "[t]he issue herein
is subject matter jurisdiction," plaintiff contends 25 U.S.C. § 450d[1] is both civil and
criminal, and thus the district court does

1. § 450d. Criminal activities involving grants,
contracts, etc.; penalties

Whoever, being an officer, director, agent,
or employee of, or connected in any capacity

have jurisdiction. Plaintiff argues that because the word "penalties" appears in the heading of 25 U.S.C. § 450d plaintiff's civil action *qui tam* is specifically authorized by 25 U.S.C. § 201,[2] which "provides that an action to recover * * * civil penalties imposed by Title 25, U.S.C. may be brought either by a private person as an informer or by the government. If an informer sues and recovers, he is entitled to retain one-half of the recovery with the other half being paid over to the government." *United States ex rel. Chase v. Wald*, 557 F.2d 157, 159 (8th Cir.), *cert. denied*, 434 U.S. 1002, 98 S.Ct. 647, 54 L.Ed.2d 498 (1977). Whether a penalty may be enforced by a civil action brought by a private citizen or only by a criminal suit prosecuted by the government is a matter of legislative discretion, direction, and intent, and if a statute contemplates recovery only by a criminal proceeding, a civil remedy cannot be adopted. *United States v. Regan*, 232 U.S. 37, 43, 34 S.Ct. 213, 58 L.Ed. 494 (1914);

*Bass Angler Sportsman Soc'y v. United States Steel Corp.*, 324 F.Supp. 412, 415–16 (D.Ala.), *aff'd*, 447 F.2d 1304 (5th Cir. 1971). We find that Congress intended section 450d to create criminal penalties,[3] so that no private right of action exists to enforce this provision.

■ Plaintiff alleges no other basis for federal jurisdiction. Neither the courts nor the parties may confer federal jurisdiction; and even though nonjurisdictional defects may be waived, the requirement of subject matter jurisdiction cannot be waived by the parties or ignored by the courts. *California v. LaRue*, 409 U.S. 109, 113 n. 3, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *United States v. Redstone*, 488 F.2d 300, 301 (8th Cir. 1973).

■ That the action was filed *qui tam*[4] does not alter our decision. No common law right to maintain *qui tam* actions exists and authority to file such actions must be found in legislation. *Connecticut Action Now, Inc. v. Roberts Plating Co., Inc.*, 457

with, any recipient of a contract, subcontract, grant, or subgrant pursuant to this Act or [sections 452 to 457 of this title], embezzles, willfully misapplies, steals, or obtains by fraud any of the money, funds, assets, or property which are the subject of such a grant, subgrant, contract, or subcontract, shall be fined not more than $10,000 or imprisoned for not more than two years, or both, but if the amount so embezzled, misapplied, stolen, or obtained by fraud does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

2. § 201. Penalties; how recovered
All penalties which shall accrue under this title shall be sued for and recovered in an action in the nature of an action of debt, in the name of the United States, before any court having jurisdiction of the same, in any State or Territory in which the defendant shall be arrested or found, the one half to the use of the informer and the other half to the use of the United States, except when the prosecution shall be first instituted on behalf of the United States, in which case the whole shall be to their use.
Plaintiff contends that § 201 and § 450d are contemporaneous. We disagree. Section 201 was enacted June 30, 1834, and § 450d was enacted January 4, 1975.

3. "Section 6 [codified as 25 U.S.C. § 450d] is a new section adopted by the Subcommittee pursuant to recommendations of the Depart-

ment of the Interior. The section provides for *criminal penalties* for embezzlement, fraud, etc., in connection with contracts under the Act." H.R. Rep. No. 93–1600, 93d Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Admin. News, pp. 7775, 7776.

"We recommend that the Act include provision for *criminal penalties* for embezzlement, willful misapplication, or fraud in connection with grants and contracts * * *. We suggest the addition of a new paragraph 6 [codified as 25 U.S.C. § 450d] * * *." H.R. Rep. No. 93–1600, 93d Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Admin. News pp. 7775, 7793 (Report of the Department of the Interior). (Emphasis added.)

4. Historically a qui tam action is one brought by an informer under a statute which establishes a penalty or forfeiture for the commission or omission of some act, and which additionally provides for the recovery of the same in a civil action with part of the recovery to go to the person bringing the action. * * * All of the qui tam cases also recognize the statutory origin of the right of action. It arises not from a statutory right to share in the penalty but from the express or implied statutory grant of authority to maintain the action.
*Bass Angler Sportsman Soc'y v. United States Steel Corp.*, 324 F.Supp. 412, 415 (D.Ala.), *aff'd*, 447 F.2d 1304 (5th Cir. 1971).

F.2d 81, 84 (2d Cir. 1972). Where sanctions for violation of a statute are clearly criminal, they are beyond the scope of *qui tam* proceedings. *Gerbing v. I.T.T. Rayonier Inc.*, 332 F.Supp. 309, 310 (M.D.Fla.1971).

The dismissal by the district court for lack of jurisdiction is affirmed.