**CHURCH OF SCIENTOLOGY OF COLORADO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 79–C–1515.**

United States District Court, D. Colorado.

Oct. 24, 1980.

Sander N. Karp, Karp, Goldstein & Stern, Denver, Colo., for plaintiff.

Angelo I. Castelli, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

### I.

■ THIS MATTER is before the Court on its own motion.[1] Plaintiff Church of Scientology of Colorado ("Scientology") brought this suit for refund claiming that it had been improperly assessed for failure to withhold and pay FICA taxes for the second quarter of 1974. See 26 U.S.C. § 3101, *et seq.* Scientology claims that it has no obligation to collect and pay over FICA taxes since it is an organization exempt from taxation under 26 U.S.C. § 501(c)(3).

On January 20, 1975, the government levied upon Scientology's bank account, and seized $906.56 in partial satisfaction of the amount the IRS claims Scientology owes the United States. That $906.56 is the object of the instant suit for refund. The remaining FICA tax liability of $2,544.55, plus accrued interest and penalties, was not paid by Scientology until September 12, 1980,[2] more than 22 months after this suit was filed. Moreover, the latter amount was not paid until after a suggestion that this Court had no jurisdiction because of its nonpayment.

In preparing to hear Scientology's motion for summary judgment, the government's cross-motion for summary judgment, and the government's motion to compel discovery, the Court reviewed the pleadings filed to date in this case. It then became apparent from the pleadings that Scientology had brought this suit without paying the full amount assessed against it. Accordingly, the Court gave notice to counsel several hours before the hearing that they should address the question of the Court's jurisdiction. After argument, the Court invited counsel for both parties to submit supple-

---

1. The Court has the obligation to inquire on its own motion whether subject matter jurisdiction exists if it appears from the complaint that jurisdiction is lacking. This is so even if neither party questions subject matter jurisdiction. *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 789, 80 L.Ed. 1135 (1936); *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

2. This was the date argument was heard on the question of jurisdiction. Payment was made a few minutes before the hearing started.

mental briefs, and counsel for Scientology filed an additional memorandum.

## II.

■ Jurisdiction of district courts to hear refund suits derives from 28 U.S.C. § 1346(a)(1).[3] This jurisdiction must be alleged in the complaint. The complaint must state that the plaintiff has paid the tax it wants refunded and has filed a claim for refund prior to instituting suit. *Freeman v. United States*, 46 AFTR 2d 80–5399, 5400 (E.D.Va.1980). Scientology alleged in its complaint that it had filed a claim for refund. However, it also alleged that the government had seized $906.56 by levy on its bank account, and that the total assessment against it for the second and third quarters of 1974 amounted to $3,515.63. Scientology did not allege that it paid any part of the balance remaining after the levy.

■ The general rule is that a taxpayer must pay the full amount of an income tax deficiency assessed by the IRS before he may challenge the assessment in a suit for refund under Section 1346(a)(1). *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

An exception to this general rule has been constructed from two footnotes to the Supreme Court's second *Flora* opinion. *See* 362 U.S. at 171–75, 80 S.Ct. at 644–46, notes 37 and 38. This exception provides that a taxpayer may pay only the assessment for part of the tax if the tax is a "divisible" one. *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980); *Psaty v. United States*, 442 F.2d 1154, 1159 (3d Cir. 1971); *Steele v. United States*, 280 F.2d 89, 90 (8th Cir. 1960). However, the exception applies in only two situations: (1) partial payment may suffice if the assessment is for unpaid excise taxes,[4] or, (2) partial payment may support suit by a "responsible person" who has been assessed with a 100% penalty pursuant to 26 U.S.C. § 6672 for failure to withhold and pay over employment taxes.[5] The instant refund suit involves neither exception. Scientology complains that it was improperly assessed for failure to pay FICA taxes: no excise taxes are involved. And, although FICA taxes are employment taxes for which a "responsible person" may be assessed pursuant to Section 6672, *Marvel v. United States*, 548 F.2d 295, 298 (10th Cir.), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977), this case does not involve a Section 6672 assessment.

■ Scientology brought this suit because the IRS disallowed its claim for exempt status when processing Scientology's FICA tax return for the second quarter of 1974. The IRS eventually assessed Scientology for a deficiency, apparently under 26 CFR § 31.6205–1(a)(6), which was promulgated pursuant to 26 U.S.C. § 6205(a)(1). There is no reason to extend the partial payment rule to cover the facts in this case,

---

**3.** Title 28, U.S.C. § 1346 provides in part:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
(1) Any civil action against the United States for the recovery of any internal–revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal–revenue laws...."

**4.** *See Higginbotham v. United States*, 556 F.2d 1173 (4th Cir. 1977); *Lucia v. United States*, 474 F.2d 565 (5th Cir. 1973) (en banc); *Drake v. United States*, 355 F.Supp. 710 (E.D.Mo. 1973); *Pizzarello v. United States*, 285 F.Supp. 147 (S.D.N.Y.1968), *rev'd on other grounds*, 408 F.2d 579 (2d Cir.), *cert. denied*, 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 (1969); *Tysdale v. United States*, 191 F.Supp. 442 (D.Minn.1961); *Dowie v. United States*, 37 F.R.D. 229 (N.D.N.Y.1964).

**5.** *Fidelity Bank, N. A. v. United States*, 616 F.2d 1181 (10th Cir. 1980); *Boynton v. United States*, 566 F.2d 50 (9th Cir. 1977); *Marvel v. United States*, 548 F.2d 295 (10th Cir.), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977); *Psaty v. United States*, 442 F.2d 1154 (3d Cir. 1971); *Steele v. United States*, 280 F.2d 89 (8th Cir. 1960); *Marquis v. United States*, 348 F.Supp. 987 (C.D.Cal.1972); *Spivak v. United States*, 254 F.Supp. 517 (S.D.N.Y. 1966); *Ruby v. Mayer*, 194 F.Supp. 594 (D.N.J. 1961).

since a Section 31.6205–1(a)(6) assessment, unlike a Section 6672 assessment, is not a penalty directed at third parties. A Section 31.6205–1(a)(6) assessment is more akin to an assessment made pursuant to the Secretary's general assessment power. *See* 26 U.S.C. § 6201. These "garden variety" assessments are those to which the *Flora* full–payment rule applies. Therefore, the complaint in this action, which alleges at best only a partial payment[6] of the deficiency assessed against Scientology, reveals on its face a fatal jurisdictional defect.

### III.

After being advised of the Court's concern regarding its jurisdiction, Scientology wrote a check for the unpaid balance of the assessment and tendered it to the government. The government accepted this check minutes before the hearing on the jurisdiction issue. At that hearing, counsel for Scientology and for the government orally stipulated that Scientology had paid the full assessment. Both parties then urged that this payment, made twenty–two months after this lawsuit was filed, is sufficient to confer jurisdiction on this Court.

■ It is fundamental that parties may not, by stipulation, confer subject matter jurisdiction on a federal court. *California v. LaRue*, 409 U.S. 109, 112–13, n. 3, 93 S.Ct. 390, 394, 34 L.Ed.2d 342 (1972); *United States ex rel. Burnette v. Driving Hawk*, 587 F.2d 23, 24 (8th Cir. 1978); *Potomac Passengers Association v. Chesapeake and Ohio Railway Company*, 520 F.2d 91, 95 n. 22 (D.C.Cir.1975); *Rincon Band of Mission Indians v. County of San Diego*, 495 F.2d 1, 8 (9th Cir. 1974). Of course, defective jurisdictional allegations may be amended pursuant to 28 U.S.C. § 1653. *Schlesinger v. Councilman*, 420 U.S. 738, 744 n. 9, 95 S.Ct. 1300, 1306, 43 L.Ed.2d 591 (1975). Amendment, however, is proper only as to matters of "form" in stating jurisdictional allegations, not of "substance" in creating these facts to confer jurisdiction *nunc pro tunc.*

*Cf. Brennan v. University of Kansas*, 451 F.2d 1287, 1289 (10th Cir. 1971).

■ Even if the proposed stipulation is treated as a stipulated motion for leave to amend the complaint, it fails to confer jurisdiction since this Court lacked jurisdiction when the case was filed. Facts occurring after the complaint is filed cannot confer jurisdiction on a federal court if sufficient jurisdictional facts did not exist at the time the complaint was filed. *See Farmers' Alliance Mutual Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978); *Lyons v. Weltmer*, 174 F.2d 473 (4th Cir. 1949); *Seaboard Finance Co. v. Davis*, 276 F.Supp. 507, 509 (N.D.Ill.1967); *Hagen v. Payne*, 222 F.Supp. 548, 553 (W.D.Ark.1963); Wright, Miller and Cooper, *Federal Practice and Procedure* Section 3608, vol. 13, pp. 661–62 (1975); Hart and Wechsler, *The Federal Courts and the Federal System* 1063, 1102 (2d ed. 1973).

Most of the cases discussing this question involve diversity jurisdiction. However, these cases require that the subject matter jurisdiction be established as having existed at the time the suit is filed. This principle is especially applicable in tax refund suits, since Congress has determined that the taxpayer who elects to contest liability in the district court rather than the tax court must pay the assessment before commencing suit for refund. *Flora v. United States*, 357 U.S. 63, 69–70, 78 S.Ct. 1079, 1083, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Therefore, this action must be dismissed for lack of jurisdiction.

IT IS ORDERED that the plaintiff's action is dismissed for lack of subject matter jurisdiction.

---

**6.** Since the partial–payment exception to the *Flora* rule does not apply in this case, it is unnecessary to discuss whether the levy made in this case would suffice as partial payment. *Cf. Kabbaby v. Richardson*, 520 F.2d 334, 335 (5th Cir. 1975).