FRANK MOTOR HOMES, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 22884.

United States District Court
E. D. Michigan, S. D.

June 9, 1964.

Brian Sullivan, Daniel B. Beresford, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Peter J. Ciano, Edward S. Smith, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, Chief Judge.

This action, timely brought under 28 U.S.C. § 1346(a) (1) for refund of excise taxes, penalties, and interest paid, is submitted on a stipulation of facts following the Government's motion for summary judgment. The taxpayer, from January 1, 1960, to the present, has manufactured bodies for self-propelled mobile homes marketed under the name "Dodge Motor Home." The Government, in its motion, contends that these bodies are subject to excise tax under 26 U.S.C. § 4061(a) (2) [1] and opposes the taxpayer's position that they are exempted therefrom as house trailers by Section 4063(a).[2] The chassis for these mobile homes are manufactured and sold by Chrysler Corporation to authorized Dodge dealers. Chrysler Corporation consigns and delivers them to taxpayer. The manufacturer's excise tax on the chassis is paid by Chrysler Corporation. The taxpayer manufactures the bodies and attaches them to the chassis. The bodies are sold and invoiced by the taxpayer to the Dodge dealers.

The issues presented by this case are: (1) Is the Dodge Motor Home body manufactured by plaintiff subject to tax either under Section 4061(a) (1) [1], which is not referred to in the Government's

---

1. "§ 4061. *Imposition of tax*

"(a) Automobiles.—There is hereby imposed upon the following articles * * * sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:

"(1) Articles taxable at 10 percent, except that on and after October 1, 1972, the rate shall be 5 percent—Automobile truck chassis. Automobile truck bodies. Automobile bus chassis. Automobile bus bodies. Truck and bus trailer and semitrailer chassis. Truck and bus trailer and semitrailer bodies. Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer. A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body.

"(2) Articles taxable at 10 percent except that on and after July 1, 1964, the rate shall be 7 percent—Automobile chassis and bodies other than those taxable under paragraph (1). Chassis and bodies for trailers and semitrailers (other than house trailers) suitable for use in connection with passenger automobiles. A sale of an automobile, trailer, or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body."

1961 Amendments. Subsec. (a) (1). Pub.L. 87-61 substituted "October 1, 1972" for "July 1, 1972." Subsec. (a) (2). Pub.L. 87-72 substituted "July 1, 1962" for "July 1, 1961."

1960 Amendment. Pub.L. 86-564 substituted "July 1, 1961" for "July 1, 1960" in two instances.

2. "§ 4063. *Exemptions*

"(a) Specific articles exempt from tax on automobiles.—The tax imposed under section 4061(a) (2) shall not apply in the case of house trailers or tractors."

motion, or Section 4061(a) (2); (2) If subject to tax under Section 4061(a) (2) is it exempted from such tax by Section 4063(a).

■ The Government, in its brief, also urges that because it is built on a truck chassis, taxpayer's product is an automobile truck body taxable under Section 4061(a) (1) and therefore not subject to the exemption of Section 4063(a). Although the chassis is a truck chassis and the applicable tax is paid by the manufacturer, the body is totally unsuited for use as part of a truck. A truck is a vehicle with which to haul freight or cargo. No definition of the word truck includes a vehicle designed exclusively to house and transport human beings, such as the vehicle here being considered.

The Dodge Motor Home is produced in three models. One is 23 feet in length; two are 26 feet. The largest model sleeps up to eight persons, and the smallest sleeps up to six persons. All contain complete living facilities, among which are full kitchen equipment, toilet, water storage tank, two electrical systems, gas furnace, storage space, and septic tank with provision for outside hook-up to a sewer. If desired by the purchaser, numerous other accessories, such as water heater, air conditioning, and gasoline-powered electrical generator, can be installed by the taxpayer. In sum, all the necessities for comfortable, modern living are provided.

The court concludes that the product of the taxpayer does not fall within the description of the articles enumerated in Section 4061(a) (1).

An examination of Subsection (2) of Section 4061(a) reveals an omnibus description of motor vehicle bodies and chassis to be taxed, which reads: "Automobile chassis and bodies other than those taxable under paragraph (1)." It is this provision which covers the Dodge Motor Home.[3]

Having concluded that taxpayer's products would be subject to the tax imposed by Subsection (2) of Section 4061(a) unless otherwise exempted, it must be determined whether they are in fact exempted as "house trailers or tractors," as those terms are used in Section 4063(a).

In Central Hanover Bank v. C.I.R., 159 F.2d 167, 169, (2nd Cir. 1947), Judge Learned Hand stated:

"There is no more likely way to misapprehend the meaning of language —be it in a constitution, a statute, a will or a contract—than to read the words literally, forgetting the object which the document as a whole is meant to secure. Nor is a court ever less likely to do its duty than when, with an obsequious show of submission, it disregards the overriding purpose because the particular occasion which has arisen, was not foreseen."

Section 4063(a) resulted from the amendment of Section 3403, 1939 Internal Revenue Code, by Section 481 of the Revenue Act of 1951. Prior to the 1951 amendment, house trailers were subject to tax under Section 3403.

The legislative history, as indicated in the Senate Report, reveals the purpose of the amendment as follows:

"Your committee's bill removes the tax on house trailers because it recognizes that, during periods of emergency such as the present, the bulk of these house trailers are used for housing by defense workers, military personnel and others rather than as a means of transportation." Senate Report No. 781, 82nd Cong., 1st Sess., p. 98, (1951–2 Cum.Bull., 458, 528) U.S.Code Cong. and Adm.Service 1951, p. 2073.

To the same effect is House Report No. 586, 82nd Cong., 1st Sess., pp. 43, 44, (1951–2 Cum.Bull., 357, 388, 389) U.S.

---

3. In Section 3403 of the 1939 Internal Revenue Code, the predecessor of Section 4063, the exclusion of "house trailers" was under "(b) Other chassis and bodies, etc." not "(a) [Automobile and truck chassis, etc.]."

Code Cong. and Adm.Service 1951, p. 1826.

The Government maintains that the Dodge Motor Home is not a house trailer because it cannot conveniently be permanently installed to serve as housing by defense workers or military personnel as can the ordinary house trailer. This argument is predicated upon the lack of means of transportation separate from the housing facilities available to the owner of the Dodge Motor Home. That is, while the owner of a trailer may detach the car that pulls it and leave the trailer behind as a semi-permanent home, the owner of the Dodge Motor Home must, if he requires the use of a motor vehicle, carry his housing facilities along with him. This distinction, though real in fact, is inconsistent with the legislative intent.

The clear purpose revealed by the passage from the Senate Report is to exempt from taxation vehicles which may, when the necessity arises, serve to provide housing. The size and extensive facilities of the Dodge Motor Home render it as capable as most large conventional house trailers of providing such housing. Too great an emphasis must not be placed on the words "rather than as a means of transportation" in the Senate Report, supra, because the bill as adopted exempted not only house trailers but also tractors from the tax imposed by Section 4061. The integration of these two tax-exempt items, house trailers and tractors, into a single unit should not serve to render the body part of the unit subject to taxation.

The Government's position is inconsistent with Revenue Ruling 100, 1953–1 Cum.Bull. 461, wherein the Internal Revenue Service broadly construed the term "house trailers," as used in Section 4063(a), to include the "camp trailer." The camp trailer, as appears from an exhibit attached to the stipulation of facts, is a small, flat vehicle, designed to be pulled on one or two wheels by an automobile, which opens up into a tent capable of sleeping four persons and contains room for the erection of a table and four chairs. The tent contains no built-in cooking or plumbing facilities and is designed exclusively for camping.

The Government's position that the Dodge Motor Home does not meet the "house trailer" requirements of Section 4063(a) is unsound, for the Dodge Motor Home much more closely approximates the facilities provided by the "house trailer" known to the legislators in 1951 than does the "camp trailer."

The only other argument of the Government which need be discussed is that plaintiff's product cannot be exempted from taxation as a "house trailer" because it does not trail. This interpretation of Section 4063(a) is inconsistent with the tenor of the legislative history, wherein the vehicle's use as housing, rather than its status as a vehicle which trails, is stressed.

The court is of the opinion that Section 4063(a) exempts plaintiff's product from the excise tax imposed by Section 4061(a) (2).

As noted by the Government, taxpayer has sought legislative relief from the tax imposed upon its product by Section 4061 (a).[4] However, the court can perceive no reason why attempted legislative relief from an unfavorable administrative interpretation of a statute should render such administrative interpretation sacrosanct and beyond the scrutiny of the courts. A taxpayer should not be penalized for exploring every possible legitimate avenue of relief.

As hereinbefore stated, the court reaches the conclusion that the taxpayer's product is exempt from the excise tax imposed by Section 4061(a) (2). During a pretrial conference, the question was raised whether the excise tax on the taxpayer's

4. Representative O'Hara of Michigan introduced H.R. 13325, 87th Cong., 2nd Sess., on October 3, 1962, which would have exempted the "Dodge Motor Home" from tax. 108 Cong.Rec. Part 18, p. 1010. This bill died in the House Ways and Means Committee.

product was not in fact included in the selling price and recovered by the taxpayer from its vendees. The court entered a pretrial order providing that in the event it determines that such product was exempt from the tax, it shall enter an order so stating; and unless an appeal is taken under the provisions of 28 U.S.C. § 1292, the issue of whether or not the tax was included in the purchase price shall be tried to a jury. 26 U.S.C. § 6416 (a).

An appropriate order consistent with this opinion will be entered.