Einar Roy MILLER, individually, and Einar Roy Miller and Maxine Miller, a partnership, doing business as Miller Wood and Metal Products, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 66–759.

United States District Court
N. D. Alabama, S. D.

Feb. 26, 1968.

Marvin Cherner, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

ALLGOOD, District Judge.

Plaintiff taxpayers sued for refund of excise taxes paid by them for the periods from July 1, 1961, to January 1, 1962, and from January 1, 1963, to July 1, 1964. Plaintiffs claim that the products provided and manufactured by them come within the definition of the word

"house trailers" as used in Section 4063(a) of the Internal Revenue Code which specifically exempts "house trailers" from the imposition of the excise tax levied under Section 4061(a) (2) of the Internal Revenue Code. As a necessary prerequisite imposed by Section 6416 of the Internal Revenue Code to the recovery of excise taxes already paid, taxpayers further allege and seek to prove that such taxes were not included in the price charged and were not collected from taxpayers' customers.

In answer to the taxpayers' claims, the Government asserts (1) that taxpayers' claims for refund of payments of excise taxes made during the third and fourth quarters of 1961 are barred under the statute of limitations provided in Section 6511(b) of the Internal Revenue Code; (2) that the products manufactured by the taxpayers are automobiles or accessories within the meaning of Section 4061(b) of the Internal Revenue Code and, therefore, not exempt from the imposition of excise taxes under Section 4063(a); and (3) finally, that the taxpayers included the excise tax in the price charged and collected the same from their customers and are, therefore, barred from making claim for refund under Section 6416, I.R.C.

The Government further has filed a counter-claim against the taxpayers claiming additional excise taxes due in the amount of Three Thousand Four Hundred Five & 67/100 Dollars ($3,-405.67) plus interest allowed by law upon the sale of products manufactured by taxpayers during the second, third and fourth quarters of 1962, and during the first and third quarters of 1964.

By stipulation of the parties, the questions presented concerning the exemption of the products manufactured by the taxpayers and the Government's assertion of the statute of limitations were deemed questions of law and reserved by this Court for decision. The question as to whether or not the excise taxes in question were included by the taxpayers in the price charged and were collected from taxpayers' customers was litigated and submitted to a jury for determination as a question of fact. The jury made a special finding of fact in favor of the Government and against the taxpayers finding that the taxpayers had in fact included the excise taxes in question in the prices charged their customers and collected the same from their customers. The finding of the jury on this factual question requires a finding in favor of the Government and against the taxpayers with respect to taxpayers' suits for refund and, also, makes it unnecessary for the Court to consider other issues presented in connection with taxpayers' suit for refund.

However, the finding of the jury does not dispose of all of the issues presented since the Government's counterclaim still presents for this Court's determination, the question whether the products manufactured by the taxpayers were exempt from the imposition of the excise tax.

The taxpayers manufacture and purchase a number of articles and materials which are then used by their employees in converting a Ford, Chevrolet or Volkswagen van-type vehicle designed originally for the transportation of passengers and other articles into one suitable for housing and living quarters. The conversion consists of the installation of plywood paneling around the interior sides, permanently attached with metal screws; the removal of existing windows and, in the case where there are no existing windows, the cutting of the required openings, and the installation of five gear operated windows with screens and attached so that the windows may be left open and the occupants may still have protection against insects. The original seats inside the vehicle are removed and a special seat is installed having the appearance of a sofa which may be converted into a full size bed. Other facilities installed in the vehicle include a fold-away table, wardrobe closet, refrigerator, stove, counter complete

with wash basin or sink and faucets attached to special water storage tanks, cupboards, dish cabinet and linen storage shelves.

The taxpayers purchase some of the articles themselves in finished form, such as the refrigerator, stove, windows and wash basin. They manufacture the paneling, convertible sofa, tables, shelves and other articles themselves. In every instance, the conversion of a van-type vehicle is sold complete with taxpayers' employees doing all of the conversion work. The taxpayers themselves make all determinations as to the manner in which the work is done and what equipment and articles they use and place inside each vehicle so converted. No specifications for any of the work is ever provided by any of taxpayers' customers, nor are taxpayers' employees in any manner supervised by their customers while doing or carrying out the work. The articles, material and equipment used by the taxpayers are not packaged in any manner.

The conversion of the vehicle into one useable for living quarters is designed so as to be permanent. The paneling, windows, table, sofa and all of the other equipment are attached to the vehicle permanently with metal screws and intended thenceforth to remain a part of the vehicle. Upon the completion of the conversion, the van-type vehicle which could originally carry approximately eight passengers or sizeable quantities of merchandise, is no longer suitable for transporting either passengers or merchandise, the same being now adopted for use as housing and living quarters.

Section 4061 of the Internal Revenue Code provides as follows:

"(a) Automobiles—There is hereby imposed upon the following articles * * * sold by the manufacturer, producer, or importer a tax equivalent to be specified percent of the price for which so sold:

"(1) Articles taxable at 10 percent, except that on and after October 1, 1972, the rate shall be 5 percent—

Automobile truck chassis. Automobile truck bodies. Automobile bus chassis. Automobile bus bodies, Truck and bus trailer and semitrailer chassis. Truck and bus trailer and semitrailer bodies. Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.

"A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body.

"(2) Articles taxable at 10 percent except that on and after July 1, 1964, the rate shall be 7 percent—

Automobile chassis and bodies other than those taxable under paragraph (1). Chassis and bodies for trailers and semitrailers (other than house trailers) suitable for use in connection with passenger automobiles. A sale of an automobile, trailer, or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body."

Section 4063. EXEMPTIONS.

"(a) SPECIFIC ARTICLES EXEMPT FROM TAX ON AUTOMOBILES.—The tax imposed under section 4061(a) (2) shall not apply in the case of house trailers or tractors."

The issues thus presented are:

(1) Is the conversion by the taxpayers of a van-type vehicle subject to tax under Section 4061(a) (2)?;

(2) If subject to tax under Section 4061(a) (2), is the same exempted from such tax by reason of Section 4063(a)?

The Government, in its brief, urges that taxpayer is manufacturing parts and accessories as defined in Section 4061(b) of the Internal Revenue Code and which are, therefore, not subject to the exemption of Section 4063(a). However, the articles in question are not sold as parts and accessories or a kit, but are in fact used by the taxpayers

themselves in converting and changing the nature of a van-type automobile or vehicle. Without question, plywood paneling, gear operated windows with screens attached, wardrobe closets, refrigerators, stoves, sinks and faucets are not such articles as are normally sold for installation by the customer as automobile parts and accessories. All of these articles and others are actually installed by the taxpayers in connection with the conversion and on taxpayers' evidence are not sold in any other manner.

In Frank Motor Homes, Inc. v. United States, 230 F.Supp. 782 (E.D.Mich.1964), affirmed in 354 F.2d 660 (6th Cir.1964), similar questions were presented with respect to the taxpayer's manufacture of bodies for self-propelled mobile homes marked under the name "Dodge Motor Home". The Government there contended that the taxpayer's product was an automobile truck body taxable under Section 4061(a) (1) and therefore not subject to the exemption of Section 4063(a). The Dodge Motor Home was sold by Chrysler Corporation to authorized Dodge dealers. Chrysler Corporation then manufactured the truck chassis and consigned the same to the taxpayer for the installation of the living quarters thereon. That Court found first that the product of the taxpayer did fall within the description of 4061(a) (2).

"The Court concludes that the product of the taxpayer does not fall within the description of the articles enumerated in Section 4061(a) (1).

"An examination of subsection (2) of Section 4061(a) reveals an omnibus description of motor vehicle bodies and chassis to be taxed, which reads: 'Automobile chassis and bodies other than those taxable under paragraph (1).' It is this provision which covers the Dodge Motor Home.

"* * * The Government maintains that the Dodge Motor Home is not a house trailer because it can not conveniently be permanently installed to serve as housing by defense workers or military personnel as can the ordinary house trailer. This argument is predicated upon the lack of means of transportation separate from the housing facilities available to the owner of the Dodge Motor Home. That is, while the owner of a trailer may detach the car that pulls it and leave the trailer behind as a semi-permanent home, the owner of the Dodge Motor Home must, if he requires the use of a motor vehicle, carry his housing facilities along with him. This distinction, though real in fact, is inconsistent with the legislative intent.

"The clear purpose revealed by the passage from the Senate Report is to exempt from taxation vehicles which may, when the necessity arises, serve to provide housing. The size and extensive facilities of the Dodge Motor Home render it as capable as most large conventional house trailers of providing such housing. Too great an emphasis must not be placed on the words 'rather than as a means of transportation' in the Senate Report, supra, because the Bill as adopted exempted not only house trailers, but also tractors from the tax imposed by Section 4061. The integration of these two tax-exempt items, house trailers and tractors, into a single unit should not serve to render the body part of the unit subject to taxation.

"The Government's position is inconsistent with Revenue Ruling 100, 1953–1 Cum.Bull. 461, wherein the Internal Revenue Service broadly construed the term 'house trailers,' as used in Section 4063(a), to include the 'camp trailer.' The camp trailer, as appears from an exhibit attached to the stipulation of facts, is a small flat vehicle, designed to be pulled on one or two wheels by an automobile, which opens up into a tent capable of sleeping four persons and contains room for the erection of a table and four chairs. The tent contains no built-in cooking or plumbing facilities and is designed exclusively for camping.

"The Government's position that the Dodge Motor Home does not meet the 'house trailer' requirements of Section 4063(a) is unsound, for the Dodge Motor Home much more closely approximates the facilities provided by the 'house trailer' known to the legislators in 1951 than does the 'camp trailer'."

The opinion of Judge Levin in the above case is persuasive with respect to the issues here presented.

█ The Court concludes that the product of the taxpayers does not fall within the description of parts and accessories enumerated in Section 4061(b), but are covered by the omnibus description contained in Section 4061(a) (2) as in Frank Motor Homes v. United States, supra.

There remains the final contention of the Government that taxpayers may not claim the exemption because the conversion work performed by them is upon vehicles owned by others and in which they do not have a proprietary interest. The Government cites in support of its contention the decision in Vinal v. Peterson Mortuary, Inc., 353 F.2d 814 (8th Cir.1965). In this case, Memphis Coach, which furnished all of the labor and materials for the conversion of two automobiles into an ambulance and a hearse, was later adjudged bankrupt and the Government was then successful in asserting the excise tax liability against Peterson Mortuary, claiming that Peterson Mortuary was the manufacturer and that the conversion was performed by Memphis Coach for Peterson Mortuary.

However, the Court of Appeals for the 8th Circuit held that the conversion of the automobiles into a hearse and an ambulance was an act of manufacture and not a sale of parts and accessories. The question was whether Memphis Coach or Peterson Mortuary was the manufacturer. No contention was made that either was liable for excise taxes on the sale of parts and accessories under Section 4061(b), I.R.C.

The opinion in Vinal v. Peterson Mortuary, Inc., supra, lends support to this Court's conclusion that the conversion of a van-type vehicle by the taxpayers into one having space suitable for living quarters was an act of manufacture and not a sale of parts and accessories.

Having concluded that the conversions of the vehicles in question do not constitute sales of parts and accessories within the definition enumerated in Section 4061(b), but instead constitute acts of manufacture under the omnibus provision of Section 4061(a) (2), and that the vehicles in their completed condition are exempt as house trailers under Section 4063(a), it is not necessary to further consider the question whether taxpayers themselves or their customers were for the purposes of the statute the "manufacturer". In either instance, the conversion of the vehicle is exempt from the imposition of excise tax under Section 4063(a), supra, and no tax is owed.

Judgment against taxpayers and for the Government with respect to taxpayers' claims.

On the counter-claim, judgment is rendered against the Government and in favor of taxpayers.