**CENTRAL ENGINEERING CO., Inc. a Wisconsin corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 64–C–321.

United States District Court
E. D. Wisconsin.
Aug. 19, 1969.

Norton Gollin, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., Milwaukee, Wis., by Thomas R. Jones, Asst. U. S. Atty., and Nester M. Nicholas, Atty., Dept. of Justice, Wash., D. C., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action for refund of federal excise taxes paid pursuant to the motor vehicle excise tax statutes [§ 4061 (a) & (b) of the Internal Revenue Code of 1954], plus interest and costs, that the plaintiff alleges were illegally and erroneously collected for the third quarter of 1961 through the third quarter of 1968. Jurisdiction of this court is founded on § 1346(a) (1) of Title 28 of the United States Code of Laws.

Jurisdiction in this matter is limited, however, to that amount of the suit paid by one J. J. Turner for which the plaintiff has obtained a consent. Pursuant to § 6416 of the Internal Revenue Code of 1954, the court has no jurisdiction with regard to any amounts in suit for which consents have not been filed. The parties by stipulation, however, have agreed to be bound by the court's determination on the matter for which it does have jurisdiction, with regard to all issues in this suit which the court would have jurisdiction if the proper consents had been filed.

## FINDINGS OF FACT

The plaintiff, Central Engineering Company, Inc., is a Wisconsin corporation with its principal place of business in Milwaukee. Central Engineering is the manufacturer of a product known as the Vac-All which is a power driven vacuum cleaner unit which is mounted on a truck chassis.

The Vac-All consists of an enclosed hopper body and attachments thereto. Such attachments include dual hydraulic cylinders, to raise the body for dumping purposes; a high pressure blower driven through a multiple v-belt by an industrial engine, which operates independently of the truck engine; a hose, which can be attached to various portals on the body and picks up debris; a boom which is hydraulically operated and controls the movement of the hose; and a water tank which can be used for washing out catch basins or the inside of the hopper body.

These Vac-All attachments are not sold separately. They are all sold either in connection with the sale of a Vac-All or as a replacement part. As a practical matter, everyone purchases the Vac-All with the attachments because the Vac-All cannot perform the tasks for which it is designed without the attachments.

The plaintiff requested a ruling from the Internal Revenue Service as to the applicability of the manufacturer's excise tax (§ 4061 of the Internal Revenue Code of 1954) to plaintiff's Vac-All. By letter dated June 14, 1962, the Internal Revenue Service ruled that the said Vac-All was subject to the tax imposed by

§ 4061(a) (1) of the Internal Revenue Code of 1954. Plaintiff therefore filed with the defendant Form 720, quarterly federal excise tax returns, for the periods encompassing the third quarter of 1961 through the third quarter of 1968 and paid the taxes shown to be due therein.

The plaintiff also filed claims for refund for the third quarter of 1961 through the first quarter of 1967. The plaintiff claims that it also filed claims for refund for the quarters from the second quarter of 1967 to the third quarter of 1968, but the Internal Revenue Service has no record of these latter claims.

In response to the plaintiff's claims for refund, the Internal Revenue Service issued the statutory notices disallowing all of the plaintiff's claims.

The standard Vac-All is mounted on a regular automobile truck chassis on which a manufacturer's excise tax has already been paid by the chassis manufacturer. Plaintiff also sells a small number of Vac-Alls that are specially modified to run on railroad tracks. The plaintiff does the mounting and will even purchase the chassis for the buyer of the Vac-All. The plaintiff draws the plans for mounting the Vac-Alls on various size chassis and makes modifications to chassis which it believes are necessary for the unit to function properly.

Vac-Alls are sold to both municipalities and industry. Municipalities use the Vac-All for cleaning catch basins; picking up debris, street sweepings and leaves; flushing streets; emptying sand-boxes and cleaning animal cages at zoos. During most of these uses the Vac-All is operating on and over the highways. There is no tax paid on units sold to municipalities.

The Vac-All is also sold to chemical plants, steel mills, oil refineries and other industries for general cleaning and maintenance work. A large amount of the industrial use of Vac-Alls does not involve use on or over the highways. About 5% of the Vac-Alls sold are intended for industrial use.

The Vac-All is designed to comply with state highway and ICC regulations with regard to such items as body width and lighting equipment. And almost all Vac-Alls sold by the plaintiff are licensed by their purchasers to go over the roads in their respective states.

## ISSUES

1. Whether the Vac-All bodies manufactured by the plaintiff should be taxed as truck bodies pursuant to the provisions of § 4061(a) of the Internal Revenue Code of 1954.

2. Whether the attachments to the Vac-All manufactured by the plaintiff are parts or accessories pursuant to § 4061(b) of the Internal Revenue Code and are taxable under § 4061(a) of the Code.

## STATUTES AND REGULATIONS INVOLVED

A. Vac-All Body

Section 4061(a) of the Internal Revenue Code of 1954 provides,[1] in relevant

---

1. § 4061. Imposition of tax
   (a) Automobiles.—There is hereby imposed upon the following articles (including in each case parts or accessories therefor sold on or in connection therewith or with the sale thereof) sold by the manufacturer, producer, or importer a tax equivalent to the specified percent of the price for which so sold:
   (1) Articles taxable at 8 percent, except that on and after April 1, 1955, the rate shall be 5 percent—
   Automobile truck chassis.
   Automobile truck bodies.
   Automobile bus chassis.
   Automobile bus bodies.
   Truck and bus trailer and semitrailer chassis.
   Truck and bus trailer and semitrailer bodies.
   Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.
   A sale of an automobile truck, bus, truck or bus trailer or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body.
   (2) Articles taxable at 10 percent except that on and after April 1, 1955, the rate shall be 7 percent—

part, that an excise tax is imposed upon truck bodies (including in each case parts or accessories thereof sold on or in connection therewith or with the sale thereof) sold by the manufacturer.

Section 48.4061(d) of the Manufacturers and Retailers Excise Tax Regulations provides, in relevant part, that a truck body which is not designed for highway use is not subject to the tax imposed by § 4061(a) of the Code. The following vehicles are regarded as not designed for highway use and, therefore, not taxable: bulldozers, road graders, power shovels, earth movers, farm tractors, motor-driven vehicles designed and adapted for use in pulling or drawing vehicles around the premises of factories and railway stations, and small trucks for handling baggage and trucks at railway stations.

Rev.Rul. 57-440 [1954-2 Cum.Bull. 72], provides that any article which was designed or adapted by the manufacturer for purposes predominately *other than* the transportation of persons or property over the highway, even though incidental use of the highway may occur, are also not taxable under § 4061(a) of the Code. See Rev.Rul. 68-325, 1968-1 Cum.Bull. 457, as compared to Rev.Rul. 58-72, 1958-1 Cum.Bull. 393; Rev.Rul. 62-218, 1962-2 Cum.Bull. 235; and Rev.Rul. 64-210, 1964-2 Cum.Bull. 411.

It thus follows that if an article is designed for highway use, but in fact is not put to such use by the purchaser of the article, that article is still taxable pursuant to the provisions of § 4061(a) of the Code, (Rev.Rul. 58-424, 1958-2 Cum.Bull. 762; Rev.Rul. 68-249, 1968-1 Cum.Bull. 456) and that if an article is designed for both transportation of prop-

erty over the highway and for off-highway use, and the designed highway use is not incidental, the article is taxable under § 4061(a). Rev.Rul. 66-61, 1966-1 Cum.Bull. 250.

B. Vac-All Attachments

Section 4061(b) of the Internal Revenue Code of 1954 provides,[2] in relevant part, that an excise tax is imposed on parts or accessories (other than tires and inner tubes and other than automobile radio and television receiving sets) for any of the articles enumerated in § 4061 (a) sold by the manufacturer.

Section 48.4061(a)–(4) of the Manufacturers and Retailers Excise Tax Regulations provides, in pertinent part, that parts or accessories sold on or in connection therewith or with the sale thereof of a taxable truck body are taxable at the same rate as the truck body, under the provisions of § 4061(a) of the Code. The tax attaches in such case whether or not the parts or accessories are billed separately.

Section 40.4061(b)–2(a) of the Manufacturers and Retailers Excise Tax Regulations (which is applicable with regard to the quarters ending before January 1, 1964, in the present case) provides in relevant part that the term "parts or accessories" includes any article designed to be attached to or used in connection with a taxable truck body to add to its utility or ornamentation and any article the primary use of which is in connection with such body, whether or not essential to its use or operation.

Section 48.4061(b)–2(a) of the Manufacturers and Retailers Excise Tax Regulations (applicable to all quarters beginning January 1, 1964 in the present case)

Automobile chassis and bodies other than those taxable under paragraph (1).
Chassis and bodies for trailers and semitrailers (other than house trailers) suitable for use in connection with passenger automobiles.
Motorcycles.
A sale of an automobile, trailer, or semitrailer shall, for the purposes of this paragraph, be considered to be a sale of the chassis and of the body.

2. § 4061. Imposition of tax

\* \* \*

(b) Parts and accessories.—There is hereby imposed upon parts or accessories (other than tires and inner tubes and other than automobile radio and television receiving sets) for any of the articles enumerated in subsection (a) sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, except that on and after April 1, 1955, the rate shall be 5 percent.

provides the same definition for parts or accessories as those set forth in the preceding paragraph except the later Regulation makes specific reference to loading and unloading equipment. It states that loading and unloading equipment designed to be attached to or to be primarily used in connection with a truck is a taxable part or accessory inasmuch as the article contributes to the load-carrying function of the truck.

## CONCLUSIONS OF LAW

The above-entitled statutes and regulations make it clear that the controlling test in determining taxability under § 4061(a) & (b) of the Internal Revenue Code of 1954 is whether the article in question was designed and manufactured primarily or predominately for other than transportation of persons or property over the highway. Because the tax imposed by § 4061(a) & (b) is one imposed on the manufacturer and not the consumer, it is the manufacturer's design rather than the customer's particular use of the article that is determinative.

Based on the testimony and exhibits presented at trial, and after consideration of the post trial briefs, I have concluded that the Vac-All was not designed or adapted by the manufacturer for purposes predominately other than transporting property over the highway and further that its highway use was not intended to be incidental. Therefore, the Vac-All body is taxable pursuant to Section 4061(a) of the Code.

I have also concluded that the attachments to the Vac-All are parts or accessories designed to be attached to and used in connection with such body to add to its utility and that their sole use is in connection with the use of such body. Therefore, such attachments are taxable pursuant to the provisions of § 4061(a) of the Code.

In reaching these conclusions, I have relied on numerous factors among which are the following:

1. The Vac-All was originally designed to pick up debris from the streets and highways and to transport it over the streets and highways for the purpose of disposing of it.

2. While some Vac-Alls are now designed for off-highway use, the great majority (approximately 90%) are still designed for use in connection with streets and highways.

3. Oversimplified, the Vac-All is a self-loading dump truck. While it is much more useful than a dump truck—in that it is self-loading—in order to function as designed, it must still transport and dump the debris which it has picked up.

4. In order to transport and dump its debris, the Vac-All has been designed to travel over the highways. In this regard, it is designed to be mounted on a truck chassis and to comply with state highway and ICC regulations with regard to such items as body width and lighting equipment.

5. In most instances the purchasers of Vac-Alls previously used a dump truck and a front loader to perform the functions for which the Vac-All was purchased.

6. The loading and dumping attachments for the Vac-All are an integral portion of the Vac-All. Without these attachments, the Vac-All cannot accomplish the purpose for which it was designed, and without the Vac-All hopper body the attachments are relatively useless.

The foregoing opinion sets forth my findings of fact and conclusions of law in accordance with Rule 52, Federal Rules of Civil Procedure. The Clerk is hereby ordered to enter judgment in accordance with this opinion.