FRANK HRUBETZ & CO., INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 71–599.

United States District Court, D. Oregon.

Sept. 10, 1973.

Bruce W. Williams, Salem, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., James N. Flaherty, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

SOLOMON, District Judge:

Frank Hrubetz & Co., Inc. (Hrubetz) manufactures amusement rides. Since 1939, it has made "demountable" rides which can be easily collapsed and carried on a commercial trailer. In 1954, it brought out a new line of mobile rides which were permanently mounted on their own trailers.

These mobile rides were designed to conform to the regulations of the Interstate Commerce Commission (ICC) and can travel at highway speeds. They have air brakes, wheels, lights, and a fifth wheel for towing. They can be towed by any commercial tractor.

The Commissioner of Internal Revenue (Commissioner) ruled that the chassis of the mobile units were trailer chassis subject to manufacturer's excise tax. 26 U.S.C. § 4061(a)–1. Hrubetz paid the tax for the quarter ending December 31, 1967, and filed this action to recover the amount paid, plus interest. The government counterclaimed for additional excise taxes and interest on all chassis sold between January 1, 1966, and March 31, 1970.

Section 4061(a)–1 of Title 26, United States Code, taxes all "truck and bus trailer and semitrailer chassis". The Treasury Regulations interpret this section to impose a tax on "a trailer or semitrailer chassis or body primarily designed for highway use . . . ." 26 C.F.R. § 48.4061(a)–1(e) (1964). In Revenue Ruling 57–440, 1957–2 Cum.Bull. 721, the Commissioner held that the excise tax does not apply to "any article, regardless of width, which is designed or adapted by the manufacturer for purposes predominantly other than the transportation of persons or property on the highway even though incidental highway use may occur."

The courts have used two tests to determine whether an article is taxable under 26 U.S.C. § 4061(a)–1. The first test is whether the designed highway use is incidental:

"[I]f an article is designed for both transportation of property over the highway and for off-highway use, and the designed highway use is not incidental, the article is taxable under § 4061(a)." *Central Engineering Company v. United States,* 306 F.Supp. 667, 670 (E.D.Wisc. 1969).

The second is based on its primary use:

"The controlling test in determining taxability . . . is whether the article in question was designed and manufactured primarily or predominantly for other than transportation of persons or property over the highway." *Supra* at 671.

These two positions were synthesized in *Big Three Gas & Equipment Company v. United States,* 329 F.Supp. 1273 (S.D.Tex., 1971), *aff'd.* 459 F.2d 1042 (5th Cir. 1972). The court used a three-step analysis:

(1) Is the article a chassis or body within the meaning of the act?

(2) Is it designed primarily for purposes other than the transportation of persons or property over the highway?

(3) If it is designed for both on-highway and off-highway use, is the highway use merely incidental to the off-highway use?

The narrow question here is whether these chassis, as distinguished from the mobile units as a whole, are taxable under 26 U.S.C. § 4061(a)–1. The government admits that amusement rides attached to these chassis are not taxable.

Hrubetz's brochures advertise that the rides are mounted on their own semitrailers. The frames of the rides resemble the frames of the semitrailers which Hrubetz designed and sold for use in heavy construction. The chassis are equipped with brakes and other equipment which the ICC requires before trailers may be used on interstate highways.

I find that the Hrubetz chassis are semitrailer chassis within the meaning of the act.

Hrubetz asserts that the chassis of the mobile trailer-mounted rides were adapted without major structural change from the previous line of demountable rides whose frames were designed to support the rides when in operation. Hrubetz argues that the demountable models were designed solely for off-highway use and that the Commissioner erred when he found that the mobile models which incorporate the same basic design were not primarily designed for off-highway use.

The stationary demountable models were designed to fit on commercial trailers and to conform to ICC specifications. Hrubetz added wheels, brakes, and lights to a frame already designed to be transported over highways. The resulting design served both the off-highway function of supporting the rides in operation and the on-highway function of serving as a trailer chassis. The frame served two necessary functions. Neither function was primary.

■ Since the chassis were designed for both on-highway and off-highway use, they are taxable unless their highway use is incidental to their primary design function. I find that the highway use of the chassis is not incidental to the chassis design and that the chassis are subject to the excise tax.

■ Hrubetz's advertisements emphasize the rides' mobility. The history of the Hrubetz company shows that the rides' mobility was a major reason for the company's success. The rides were designed to move at highway speeds. It is immaterial whether they may also be moved in parks or fair grounds; it is the manufacturer's design, not the purchaser's use, which controls. Rev.Rul. 57–440, *supra; Central Engineering Company v. United States, supra* at 671.

■ Revenue Ruling 64–241, 1964–2 Cum.Bull. 412, and Revenue Ruling 60–27, 1960–1 Cum.Bull. 405, upon which Hrubetz relies, would be relevant only if the government attempted to tax the whole mobile unit. These rulings do not deal with the taxability of the chassis as a separate entity. Hrubetz also relies on Revenue Ruling 72–613, 1972 Int.Rev.Bull. No. 52, at 12, which says that to be taxable a body or chassis must be capable of carrying ordinary commercial loads, as opposed to specialized loads. This ruling created an exemption not found in either the regulation or the statute. It is therefore entitled to little weight. 1 Mertens, Law of Federal Income Taxation § 3.21; *cf. King Trailer Company v. United States,* 228 F.Supp. 1013, 1016 (S.D.Cal.1964), *aff'd* 350 F.2d 947 (9th Cir. 1965).

■ Frank Hrubetz, founder and president of Frank Hrubetz & Co., Inc., testified that in 1954 an internal revenue agent told him that the rides were not taxable, but neither he nor the Commissioner has a record of any such ruling. Even if such a ruling were made, it would not estop the Commissioner from revoking the old ruling and applying a new ruling retroactively. *Automobile Club v. Commissioner,* 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957).

I find that the taxable elements of the Portable Paratrooper, Tip Top, Portable Slide, and Round-Up are the framing, fifth wheel assembly, wheels, axles, suspension system, lights, brakes, and other elements directly related to the frames' use as trailer chassis.[1] The decking on the rides bears no relation to the use of the frames as trailers and is not subject to the tax.[2]

This opinion shall serve as findings of fact and conclusions of law under Fed.R. Civ.P. 52(a).

---

1.  These elements are outlined in green and red on the blueprints of the rides which were admitted in evidence as Joint Exhibits 5, 6, 7, and 8.

2.  The decking is outlined in yellow on the same blueprints.