NORRIS DISPENSERS, INC., Appellant,

v.

UNITED STATES of America, Appellee.

No. 17322.

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1963.

John W. Windhorst of Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., made argument for appellant and Charles O. Howard, Minneapolis, Minn., on the brief.

Richard A. Heiman, Atty. Dept. of Justice, Washington, D. C., made argument for the appellee. Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and Robert J. Golten, Attys. Dept. of Justice, Washington, D. C., and also Miles W. Lord, U. S. Atty., and John J. Connelly, Asst. U. S. Atty., Minneapolis, Minn., were on the brief.

Before VOGEL and MATTHES, Circuit Judges, and ROBINSON, District Judge.

ROBINSON, District Judge.

In an action to recover excise tax upon the sale of milk dispensers and replacement parts for such dispensers which the taxpayer alleged to have been erroneously assessed and collected under § 4111, as amended, I.R.C.1954, together with interest and penalties, the District Judge in opinion reported at D.C., 211 F.Supp. 79 held that the milk dispensers are not taxed by § 4111, but that the taxpayer had not presented the requisite proof that the excise tax had not been included in the price of the product nor collected from the purchasers, as required by § 6416, I.R.C.1954 [26 U.S.C. § 6416] and

thus was not entitled to a complete refund. Having thus entered its findings of fact and conclusions of law in part in favor of plaintiff and in part in favor of defendant, the District Judge on November 20, 1962 entered judgment against defendant for the principal amount of $36,636.41 with interest thereon at 6%. By this judgment the Court denied refund for all taxes paid on sales made on or after May 1, 1958, which was the date on which a price increase of $10.00 per unit had been made effective. From this judgment the plaintiff has appealed.

■ After weighing the conflicting evidence and inferences, the trial court concluded that the taxpayer had not sustained the burden imposed by Title 26 U.S.C. § 6416, and accordingly was not entitled to such refund. We may not set aside the findings of fact of the District Court unless they are clearly erroneous. Title 28, Federal Rules of Civil Procedure, Rule 52(a); Luziers Inc. v. Nee, 8 Cir., 106 F.2d 130.

26 U.S.C. § 6416 provides:

"§ 6416. Certain taxes on sales and services (a) Condition to allowance.—(1) General rule.—

No credit or refund of any overpayment of tax imposed by * * * chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary or his delegate, that he—

(A) has not included the tax in the price of the article, admission, or service with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article, admission, or service; * * *."

■ We shall recount certain pertinent evidence which was before the trial court.

In December of 1957 or January of 1958 an agent of Internal Revenue Service told appellant's comptroller that he believed the milk dispensers to be subject to the federal excise tax. Prior to this time, the comptroller had received no intimation that Internal Revenue Service asserted an excise tax was due. By letter of January 22, 1958, appellant's tax counsel transmitted to the comptroller his opinion which indicated that the milk dispensers are not taxable, but that the portion of the milk dispenser known as Dairy Bar used for refrigerated storage space might be considered taxable by the Commissioner. Following a conference in the office of Chief, Excise Tax Branch, Internal Revenue Service, on March 24, 1958, with taxpayer's attorney, that office issued an opinion dated April 11, 1958, which was received in the St. Paul District Internal Revenue Office on April 16, 1958. This letter, which was received by the appellant, ruled that the Dairy Bar is taxable.

In March or April of 1958, three officials of the appellant company met and decided to increase the price of each dispenser by ten dollars, thus increasing the price of the Dairy Bar from $135.00 to $145.00, and the price of the Home Dispenser from $115.00 to $125.00, effective May 1, 1958. The increase was announced to sales personnel by bulletin dated April 11, 1958. It was stipulated that appellant's sales manager of Home Dispenser Division would testify that he was reluctant to have a price increase made, but agreed because of the losses being sustained at the then existing levels of production.

Taxpayer's comptroller stated that the increase was due to a sales volume which was much lower than had been anticipated when the price was originally set, and that reports for 1957 and January and February 1958 showed generally, with some variation from month to month, that the Home Dispenser and Dairy Bar were being made and sold at a loss. The comptroller couldn't say for sure on what basis the original prices of the dispensers had been set, stating that he was not associated with the company when the original price was set.

There was testimony that, in reaching a decision to increase prices, the company

officials did not give any consideration to the claimed excise tax.

Appellant offered in evidence a graph prepared for use in the lawsuit, to show that at the time of the decision to increase prices, its costs were higher than its receipts.

The comptroller stated that in May or June of 1958 Norris Dispensers first started accruing a liability for the excise tax on the dispenser and Dairy Bar here involved and he believed it was accrued monthly thereafter, and that this was required by conservative accounting practice.

The President of the appellant company stated his belief that the original price of the units was $95.00, further stating they didn't have much to go on, but thought they could sell about 250 a day. At the time the company officials discussed the proposed price change in 1958, the president was aware that, from the figures they had, the cost was greater than the sales price.

By letter dated February 24, 1959, the appellant's sales manager advised the district sales managers that Federal Excise tax would be excluded from the commissionable portion of Dairy Bar and Home Dispenser invoice prices. It was stipulated that the sales manager of appellant's Home Dispenser Division would testify regarding this letter: that the losses on the Home Dispenser and the Dairy Bar continued in 1958, although in reduced amount after the price increase, and that he, as head of the Home Dispenser Division, was seeking a means of reducing costs and felt that part of the reduction in costs should come by way of a reduction in the salesmen's commission, and that he decided to use this explanation in justifying the reduction in salesmen's commission.

It is indicated in the complaint that appellant began selling the milk dispensers known as the "Home Milk Dispenser" and "Dairy Bar" in the early part of 1956.

■ The law clearly places upon the appellant the burden of proving that it has not included the tax in the price of the article and has not collected the amount of the tax from the person who purchased such article. 26 U.S.C. § 6416.

Appellant nowhere shows the prices which it put on these articles in early 1956, nor does it show the components of cost by which it established the original prices. Neither does it show the components of cost which went into the articles which were priced at the new prices of $125.00 and $145.00 as of May 1, 1958. One witness stated his belief that the original price of the units was $95.00. If we assume that he was correct in his belief, we then must consider the fact that there is no evidence of an intermediate price change to $115 and $125. If we assume that his belief was mistaken and that the articles were originally priced at $115 and $125, then there is no showing of specific facts which would justify a constant price from early 1956 to May 1, 1958, but would require an increase in prices at that time. Appellants did submit a graphic chart for the purpose of showing the relationship between cost, price, and volume of sales, but this is in the nature of illustrative and secondary evidence, and would appear to be not the best evidence available to appellant. Apposite here is the statement of the court in the case of Vogel v. Knox, 147 F.Supp. 10 [D.C.Minn.1957] that it is not unreasonable to expect one experienced in business to produce records or analysis of the various factors that were considered in setting a price such as manufacturing cost, marketing expense, profit margin, and the like.

It is established that an Internal Revenue Agent raised the question of the taxability of these items prior to the $10.00 price increase. It is also established that, the opinion of the Excise Tax Branch regarding Dairy Bar as well as the bulletin announcing to sales personnel the price increase occurred in April, 1958. Further, there is evidence that appellant in May or June first started accruing a liability for excise tax.

A review of the foregoing evidence convinces us that the District Court has

reached a permissible conclusion. It is not our province to say how we would have decided the matter in the first instance. We have carefully considered the entire record and the District Court's finding passes the only test which we need apply. We hold that the conclusion of the District Court was not clearly erroneous.

The Judgment of the District Court is affirmed.