**UNITED STATES of America,
Appellant,**

v.

**KING TRAILER COMPANY, Inc.,
Appellee.**

**No. 19758.**

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Fred E. Youngman, Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Div., Los Angeles, Cal., for appellant.

W. S. Rainbolt, Long Beach, Cal., for appellee.

Before CHAMBERS, BARNES and ELY, Circuit Judges.

ELY, Circuit Judge:

The Government appeals from a judgment awarding a refund of certain excise taxes which the appellee, a manufacturer, claims to have been illegally imposed and collected. The manufactured articles, described as "pickup coaches", were held by the district court not to be "automobile truck bodies" or "automobile accessories" within the contemplation of Int. Rev. Code of 1954, § 4061. The careful reasoning of the district court is seen in its reported opinion. King Trailer Company v. United States, 228 F.Supp. 1013 (S.D. Cal.1964).

The question here, as in the court below, is succinctly put by the Government as follows:

"Whether certain articles manufactured and sold by the taxpayer, commonly designated 'pickup coaches,' designed and constructed after the fashion of small house trailers primarily for installation, transportation, and use in connection with a conventional pickup truck, but not permanently affixed to a truck, as temporary mobile housing while traveling, vacationing, etc., are subject to the manufacturers excise taxes under Section 4061(a) (1) of the Internal Revenue Code of 1954 as automobile truck bodies or under Section 4061(b) as automobile parts or accessories."

We have reviewed the record, which includes testimony given orally, answers to Requests for Admissions and Written Interrogatories submitted by the Government, and photographs, diagrams, and detailed descriptions of the pickup coaches. While they were clearly designed for easy use with a pickup automobile truck, were sold for such use, and were generally so used, they were manufactured as separate, independent units. They are, simply and essentially, small house trailers without wheels. House trailers and house trailer parts and accessories are exempt from the excise tax by express provisions of the statute. Int. Rev. Code of 1954, § 4061(a) (2). That the unit is made wheelless and of such styling as to enable its easy use for transportation as a load or cargo upon a pickup truck does not change its obvious characteristics. Its placement upon a truck does not require the removal of the existing "automobile truck body" of the pickup truck, nor, in our opinion, does it superimpose another.

■■ We cannot extend the power to tax beyond the clear authority of statute.

Crooks v. Harrelson, 282 U.S. 55, 61, 51 S.Ct. 49, 75 L.Ed. 156 (1930); Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 350, 47 S.Ct. 389, 71 L.Ed. 676 (1927); United States v. Merriam, 263 U.S. 179, 187–88, 44 S.Ct. 69, 68 L.Ed. 240 (1923). We have no doubt that the portable dwelling unit in question does not fall within the classification of "automobile truck bodies" or of "automobile accessories", as these statutory terms must be ordinarily and reasonably construed. Yet, even should a reasonable doubt exist, our duty is to resolve it in favor of the taxpayer. Crooks v. Harrelson, supra, 282 U.S. at 61, 51 S.Ct. 49; United States v. Merriam, supra, 263 U.S. at 188, 44 S.Ct. 69.

■ Insofar as the district court's judgment rests upon factual determinations, we hold that the determinations were clearly supported, not clearly erroneous. Pertinent and persuasive legal authority is analyzed and applied in the district court's opinion, cited supra.

■ During oral argument, the Government's attorney directed our attention to a recent amendment of the statute in question. Pub.L. No. 89–44, 89th Cong., 1st Sess. § 801(a) (June 21, 1965), 79 Stat. 157. The amendment, effective as of January 1, 1965, specifically exempts coaches "designed (A) to be mounted or placed on automobile trucks" from the excise tax, and it is contended that we should infer a previous Congressional intent that the units were taxable. It is equally reasonable to speculate that the Congress, aware of the present litigation and other similar controversy, undertook to eliminate any doubt, however remote, that it had always intended that manufacturers of the subject articles, as manufacturers of house trailers, were exempt from payment of the tax.

Affirmed