**Donald F. SLOAT d/b/a Sloat Manufacturing Co.**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 4–287.**

United States District Court
N. D. Texas,
Fort Worth Division.

Sept. 7, 1966.

R. B. Cannon, Fort Worth, Tex., for plaintiff.

Robert I. White, Tax Division, Department of Justice, Fort Worth, Tex., for the United States.

MEMORANDUM OPINION

BREWSTER, District Judge.

This suit is for a refund of manufacturer's excise taxes in the sum of $12,961.86 relating to the year 1961, plus interest, assessed and collected from the plaintiff under the provisions of 4061 IRC 1954.

The parties hereto filed the following stipulation for the purpose of the trial of this case:

"1. The Government concedes that the items, via, slide-in portable campers involved in this action are not subject to manufacturer's excise tax under Sections 4061 IRC 1954.

"2. Plaintiff concedes that the refund of $2,295.66 of the amount at is-

---

I. See finding of fact (10).

sue which was paid by Plaintiff on July 29, 1950 was barred by limitation at the time the Complaint herein was filed. All other payments alleged in the Complaint were in the amount and were paid on the dates set out in the Complaint. Plaintiff, however, agrees that in the event the records of the Internal Revenue Service show a few days variation in the payment date, that the parties will accept the Collector's record of the date payment was received and the amount of such payment in calculating any judgment should Plaintiff prevail in this action.

"3. Alleging that no portion of the payments, recovery of which is sued for in this proceeding, were passed on by him to the purchaser, Plaintiff agrees that no provision of Section 6416(a)(1)(B)(C) or (D) has been complied with by Plaintiff or the ultimate purchaser. Accordingly the sole issue between the parties under paragraph 7(ii) of the Pre Trial Order entered January 27, 1965 is whether Plaintiff has or has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article, but himself bore the burden of the tax."

During the period involved, the plaintiff manufactured and sold pickup truck camper units which were designed to be relatively easy to put on or remove by tightening or loosening the attaching devices, depending on whether the desire was to secure the camper to the bed of the truck or remove it. The units were large enough to provide room for one or two sleeping cots and for cooking on a limited basis. They are widely used by hunters and fishermen.

In the early part of 1961, the plaintiff knew that the government was claiming that these camping units were subject to a manufacturer's excise tax. Plaintiff filed a Form 720 Quarterly Federal Excise Tax Return for each of the four quarters of the calendar year 1961, showing the amount of excise tax he calculated

to be due. Each of the returns was filed late and without full payment. Plaintiff ceased to pay the tax when he found that other manufacturers were litigating the validity of it. The tax was finally determined to be invalid in the cases of King Trailer Co. v. United States, 9 Cir., 350 F.2d 947 (1965), and Frank Motor Homes, Inc., v. United States, 6 Cir., 354 F.2d 660 (1965). The Internal Revenue Service modified its position by issuing Revenue Bulletin 66–163, which provides that camper units such as the plaintiff makes and sells are not subject to the manufacturer's excise tax.

The government claims that recovery must still be denied because of the fact that during the period involved, the plaintiff passed the tax on to its customers.

Under Section 6416(a)(1) of the Internal Revenue Code of 1954, no credit or refund of any overpayment of manufacturer's excise tax shall be allowed unless the person who paid the tax to the United States submits in support of this claim:

(a) A statement establishing that he has not included the tax in the price of the article with respect to which it was imposed, and has not collected the amount of the tax from his vendee, or

(b) A statement establishing that he has repaid the amount of the tax to the purchaser of the article, or

(c) The written consent of such purchaser to the allowance of the refund or credit.

The stipulation hereinabove quoted shows that Sections (b) and (c) above are not involved and that plaintiff predicates his recovery entirely on subdivision (a). The Court is of the opinion that the plaintiff did not discharge his burden in proving that he did not include the excise tax in the price of the camper units sold to his customers.

Sufficient sales invoices from plaintiff's own records were offered in evidence to show that at the beginning of the period in question, plaintiff openly included the tax and identified it as such. Other invoices show that, to meet the competition of those manufacturers who

were contesting the tax and were not then charging the customers for it, plaintiff ceased to identify the tax on his invoices. The Court is of the opinion from the evidence as a whole that even though plaintiff's invoices did not identify the tax, he actually included it in the price charged and attempted to take care of it through reduction of his manufacturing cost by cutting the corners without affecting the quality of his product.

In reaching the conclusion that the plaintiff failed to discharge his burden of proof, the Court has taken into consideration his interest as a witness and the reasonableness of his testimony. Since the plaintiff passed on to his customers the excise tax he now seeks to recover, judgment must be entered for the defendant.

This opinion will serve as findings of fact and conclusions of law under Rule 52(a), F.R.C.P.