**ROGUE RIVER TRAILER MANUFAC-
TURING CO., an Oregon corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 65–341.**

United States District Court
D. Oregon.

Dec. 7, 1966.

William F. Johnson, Johnson, Telfer & Sloan, Grants Pass, Or., H. H. Phillips, Phillips, Coughlin, Buell & Phillips, Portland, Or., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink, Gary P. Smith, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant.

OPINION

SOLOMON, Chief Judge:

Plaintiff manufactures campers resembling house trailers which are carried in the beds of pickup trucks. Because the Internal Revenue Service considered campers to be truck bodies taxable under § 4061(a) (1) and (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4061(a) (1) and (2), plaintiff between

April 1, 1960, and September 30, 1964, was required to pay manufacturer's excise taxes totaling $144,261.41 on the sale of campers.

On April 29, 1964, the Court in King Trailer Co. v. United States, 228 F.Supp. 1013 (S.D.Cal.1964), held that campers were not taxable as truck bodies. The Court of Appeals affirmed, 9 Cir. 1965, 350 F.2d 947.

Plaintiff here seeks to recover those tax payments less $15,042.54, which it now concedes is barred by the statute of limitations.

Although the Government admits that campers are not subject to excise taxes, it asserts two defenses: first, that this Court lacks jurisdiction because plaintiff's claims for refund are fatally defective; and, second, that plaintiff may not recover because plaintiff passed on the tax to the purchasers.

### JURISDICTIONAL CLAIM

Plaintiff timely filed claims for refunds on Form 843. In these claims, plaintiff asserted that the taxes were erroneously paid, but it failed to allege that it had not included the tax in the price charged. The District Director, Internal Revenue Service, sent plaintiff a rejection on Form L-60, in which he disallowed the claim in full but gave no reason for the disallowance.

Plaintiff timely filed this action. The Government admitted the jurisdiction of the Court over the portion of the claim not barred by the statute of limitations. Settlement negotiations were undertaken, but neither during the negotiations nor when the Government rejected plaintiff's offer was plaintiff informed of the reasons for the rejection.

The Government later filed a motion to dismiss, in which it alleged that plaintiff's claims were fatally defective because they failed to allege that plaintiff did not include the excise tax in the price charged.

■ The Government made a similar contention in Etheridge v. United States, 1962, 112 U.S.App.D.C. 151, 300 F.2d 906. Plaintiffs sued to recover cabaret taxes erroneously collected. They made this claim on Form 843 and received a rejection which did not specify any reasons. The trial court dismissed the action with prejudice because plaintiffs had failed to allege in their claim for refund or in their complaint that they had not passed on the tax to their customers. The Court of Appeals reversed on the ground that "the Director waived the requirement that Form 843 show the tax had not been passed on to the customers." Etheridge v. United States, supra, Page 909.

I find that the facts on waiver here are even more compelling than they were in *Etheridge*. The Government's motion to dismiss on jurisdictional grounds is denied.

### MERITS

■ Under 26 U.S.C.A. § 6416(a) (1), plaintiff may not recover unless it proves with "clear and decisive evidence" that it did not include the tax in the price it charged for the campers. Andrew Jergens Co. v. Conner, 6 Cir. 1942, 125 F.2d 686.

Plaintiff asserts that it met this burden. It introduced evidence to show that its profits decreased from 10.6 per cent of sales before the tax to 3.5 per cent during the period of the tax. When the tax was removed, its profits climbed to 8.6 per cent. Witnesses testified that campers compete with trailers, and since excise taxes were not levied on trailers, plaintiff and other manufacturers of campers were unable to raise prices to their distributors. Plaintiff contends that this evidence shows that plaintiff rather than its customers assumed the economic burden of the tax and that plaintiff under the Act [26 U.S.C.A. § 6416(a) (1)] is entitled to recover the excise taxes erroneously paid.

The Government showed that prior to the effective date of the tax, plaintiff's predecessor, a partnership, sold the campers which it manufactured. In order to minimize the effect of the 10 per cent excise tax, the partners organiz-

ed two corporations, one to manufacture the campers and the other to sell them. The tax would be paid by the manufacturing corporation on the price it charged the sales corporation, and not on the price charged the distributors.

On the day the tax went into effect, plaintiff commenced to do business as a manufacturing corporation, and on the same day prices to the distributors were raised on many models by 10 per cent over the price charged by the partnership, and the overall increase on all models amounted to 7.4 per cent.

In Vogel v. Knox, 147 F.Supp. 10 (Minn.1957), plaintiff, a manufacturer of pocket adding machines, sued to recover excise taxes illegally collected. Chief Judge Devitt, the able and experienced trial judge, found that these pocket adding machines were not taxable as business machines, but held that plaintiff failed to prove that it did not include the tax in the price charged for the product. Judge Devitt stated:

"A raise in sales price, coincident with the imposition of the tax, is often given great weight in determining whether the sales price included the amount of the tax; see United States v. H. T. Poindexter & Sons Merchandise Co., 8 Cir., 128 F.2d 992; Worthington Pump & Machinery Corp. v. U. S., 122 F.Supp. 843, 847, 129 Ct.Cl. 87; but the converse of this proposition is not necessarily true, and the failure to raise the sales price must be given significance only in relation to the attending circumstances."

In a later case, the Eighth Circuit Court of Appeals in Norris Dispensers, Inc. v. United States, 1963, 325 F.2d 140, considered a case in which the taxpayer lost money on the sale of its product both before and after it raised its prices. Officers of the corporation testified that they increased the price of the product by $10 in order to reduce losses and without any consideration of the claimed excise taxes.

The Court of Appeals affirmed the trial court's finding that plaintiff "had not presented the requisite proof that the excise tax had not been included in the price of the product nor collected from the purchasers, as required by § 6416, I.R.C.1954 (26 U.S.C. § 6416) and thus was not entitled to a complete refund." There the taxpayer raised its prices shortly after an Internal Revenue Agent expressed his opinion that plaintiff's product was subject to Federal Excise Tax, and at about the same time the Chief of the Excise Tax Branch ruled that the product was taxable.

 In my opinion, the organization of a manufacturing corporation and a selling corporation to minimize taxes, the commencement of business and the increase in prices of the campers on the day the excise taxes became effective, justify the conclusion that the taxes were included in the price of the campers and that the plaintiff intended to and did pass on to the distributors or ultimate consumers of the campers the economic burden of the tax.

The Government shall prepare findings of fact, conclusions of law, and a judgment in favor of the defendant.