W. Anthony Park, Dwight F. Bickel, Graydon W. Smith, Boise, Idaho, for appellant.

Karl Jeppesen, of Elam, Burke, Jeppesen & Evans, Boise, Idaho, for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

Many manufacturers of automobile trailers make what is called a camper. The appellant and appellee build them too.[1] The camper is a compact temporary living unit which sits in the bed of a pickup truck. Particularly hunters and fishermen like to use them. When detached from the pickup truck, they have little use except perhaps as children's playhouses. We have had these campers here on the question of applicability of federal excise taxes. United States v. King Trailer Company, Inc., 9 Cir., 350 F.2d 947.

Highway Cruisers of California, Inc., markets its campers under the registered federal trademark of "Sports Cab." Its label for most of the time at issue has read:

## SPORTS CAB

By Highway Cruisers of California

Highway Cruisers (appellant) began in April, 1957, to sell its camper or demountable house trailer cabin under the foregoing label. A year and a half later, Security Industries (appellee) turned up with a camper in the market that looked like Highway's and carried the label:

## SPORTS CAB TRAVELER

In 1962, three years after the infringing began, Highway Cruisers sued Security Industries to stop the alleged in-

**HIGHWAY CRUISERS OF CALIFORNIA, INC., a California corporation, Appellant,**

v.

**SECURITY INDUSTRIES, INC., an Idaho corporation, Appellee.**

No. 20022.

United States Court of Appeals Ninth Circuit.

March 1, 1967.

---

1. Highway Cruisers' primary market for the camper is in California. Security's is in the Western states lying north of California.

fringement on name and for an accounting. After a trial, the district court in Idaho found infringement of the trademark, entered an injunction and awarded damages of one dollar. The award of one dollar was based on findings by the court that "the evidence fails to disclose that plaintiff suffered any damages as a result of the infringement by defendant and the court finds that no damages to plaintiff resulted therefrom." Further, the court found: "Under the circumstances shown by the evidence, the plaintiff's loss of business, if any, would not be fairly measured by defendant's profits nor be revealed by an accounting." Highway Cruisers appeals from the failure of the trial court to order an accounting.

The trial court found the infringement deliberate but not willful. By that we think it meant that Security knew what it was doing but it erroneously believed it had a legal right to use two words, "Sport Cab," just as much as Highway Cruisers. Security regarded the words as generic as "automobile." [2]

Many, many words are used by both sides on the issue of an accounting or no accounting. But we sum the thing up this way. In the testimony about damage, the court saw enough of Highway Cruisers damage to see that an accounting would amount to putting a whole sack of coal under a pound of popcorn. In other words, an accounting was bound to end up de minimis.

The real competition of the two campers could only have been in the Northwest. Security showed too many reasons in the competitive territory for Highway Cruisers' decline to leave much room to charge much loss of sales to the infringement. Under Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386, we think it clear that an accounting such as Highway Cruisers sought is not automatic.

Of course, the claim was laid under federal trademark law and upon "unfair

competition" which can go along with the former. But equity was sought. Equity has many reeds. A characteristic of it is that one may not get all of the reeds. One may get just enough relief to stop the evil where it is apparent no great damage was done to the complainant.

Our examination of the record convinces us that the findings and the necessary implications thereof are not clearly erroneous. Our reading of the record, if we were making an independent evaluation, would bring us out about the same place as the district court arrived.

The decree of the trial court is affirmed.

---

2. Other than the use of the "Sports Cab" name, there is no showing that Security attempted any "palming off" or tried to make sales on the basis of "my name is his."