The **AIR LIFT COMPANY, Inc.,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 19160.

United States Court of Appeals
Sixth Circuit.
Nov. 13, 1969.

McCree, Circuit Judge, dissented.

Daniel B. Rosenbaum, Department of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Attys., Department of Justice, Washington, D. C., on brief; Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., of counsel, for appellant.

John Bodner, Jr., Washington, D. C., J. Coleman Bean, Howrey, Simon, Baker & Murchison, Washington, D. C., Stephen C. Bransdorfer, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., on brief, for appellee.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## ORDER.

Section 4061(b) (1) of the Internal Revenue Code of 1954 imposes an 8 per cent excise tax upon the price of automotive parts or accessories "sold by the manufacturer, producer, or importer."

Taxpayer is a Michigan corporation engaged in the exclusive selling of accessories for use on motor vehicles as a booster device for suspension springs. Taxpayer holds a patent on the devices in question. They are fabricated by another company under contract with taxpayer and sold to taxpayer at the contract price. Taxpayer repackages the devices, adds instructions for installation and a warranty, and resells them.

The only question on this appeal is whether taxpayer is the manufacturer of the devices within the meaning of the statute. The District Court held it was not. 286 F.Supp. 249 (W.D.Mich. 1968).

For the reasons stated in the opinion of the District Judge, the judgment is affirmed.

McCREE, Circuit Judge (dissenting).

The majority disposition recites that the "only question on this appeal is whether taxpayer is the manufacturer of the devices. * * *" Similarly, the District Judge stated that the "major issue in this case * * * is whether Air Lift is the manufacturer. * * *" I disagree.

Section 4061(b) (1) of the Internal Revenue Code of 1954, provides in pertinent part:

[T]here is hereby imposed upon parts or accessories * * * for any of the articles enumerated in subsection (a) (1) *sold* by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold, * * *. (Emphasis added.)

The Supreme Court, analyzing the nature of the tax imposed by a forerunner of this section, stated:

We think it is laid on the sale, and on that alone. It is levied as of the time of sale and is measured according to the price obtained by the sale. It is not laid on all sales, but only on the first or initial sales—those by the manufacturer, producer or importer. Subsequent sales, as where purchasers at first sales resell, are not taxed. Counsel for the Government base their contention on the requirement that the tax be paid by "the manufacturer,

producer or importer"; but we think this requirement is intended to be no more than a comprehensive and convenient mode of reaching all first or initial sales, and that it does not reflect a purpose to base the tax in any way on manufacture, production or importation. Indian Motocycle Co. v. United States, 283 U.S. 570, 574, 51 S.Ct. 601, 602, 75 L.Ed. 1277 (1931). I agree and, accordingly, I think the more significant inquiry in this case is whether the transfer of the accessories from the fabricator to taxpayer constituted the "first sale" of the accessories. If it did not, the fabricator is not the "manufacturer" for purposes of imposing the excise tax.

Particularly relevant to the determination of this issue is the fact that taxpayer holds the patent for the use of the product as an automobile accessory. This means that without taxpayer's consent, the fabricator is precluded from making any disposition of the accessories, qua accessories, other than by a transfer to taxpayer. It also means the fabricator does not have a proprietary interest in the *completed* product. *See* Charles Peckat Mfg. Co. v. Jarecki, 196 F.2d 849, 852 (7th Cir. 1952).

The effect of this is that the fabricator's:

"sale" of [the accessories] transferred to [taxpayer] only the bare right to possession of the physical materials. [The fabricator] did not transfer to [taxpayer] the right to use these accessories or the right to resell them, since it could convey no more than it had of the various incidents of ownership. It is true, of course, that [taxpayer] could use or resell the [accessories] but this was made possible only by rights previously vested in [taxpayer] *and not by virtue of any property rights conveyed to it by [the fabricator]*.

[I] believe that a "sale" which conveys no right to use or resell the product, but only a bare right to possession, is not a sale within the meaning of [section 4061(b) (1)]. Polaroid Corp. v. United States, 235 F.2d 276, 278 (1st Cir. 1956) (emphasis in original).

Since no sale within the meaning of section 4061(b) (1) occurred when the fabricator transferred the accessories to taxpayer, I would reverse the judgment of the District Court.