**TRAVEL INDUSTRIES OF KANSAS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 600–69.

United States Court of Appeals, Tenth Circuit.

May 15, 1970.

R. B. Cannon, of Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., for appellant.

Richard Farber, Atty., Department of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Elmer J. Kelsey, Attys., Department of Justice, and Robert J. Roth, U. S. Atty., of counsel, on the brief), for appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant sued to recover a refund on manufacturers excise taxes and appeals from an adverse judgment.

Taxpayer, a Kansas corporation, manufactures slide-in campers. These are self-contained housing units designed to slide into the beds of pick-up trucks and to serve as mobile homes. During the tax years in question, July 1, 1963, to June 30, 1965, taxpayer paid to the United States over $208,000 as excise taxes on the manufacture of these campers. The payments were made in the belief that 26 U.S.C. § 4061(a) applied to campers. This belief was held wrong in King Trailer Co. v. United States, S.

D.Cal., 228 F.Supp. 1013, affirmed, 9 Cir., 350 F.2d 947. While that litigation was pending, Congress amended 26 U.S. C. § 4063 to provide specifically that the "tax imposed under section 4061" did not apply to campers. See 79 Stat. 157. We start from the premise, uncontested by either party, that the taxes were erroneously collected.

The pertinent statute on refunds, 26 U.S.C. § 6416(a), provides that no "refund of any overpayment of tax imposed by * * * chapter 32 (manufacturers taxes) shall be allowed or made" unless the taxpayer (1) establishes that he has not included the tax in the price of the article and has not collected it from the purchaser, (2) has repaid the amount of the tax to the ultimate purchaser of the article, or (3) has filed with the Secretary or his delegate the ultimate purchaser's written consent to the making of the refund. The taxpayer did not comply with § 6416. Instead, it argues that § 6416 does not apply because it relates only to "taxes imposed by" chapter 32 and that chapter imposes no taxes on campers. This argument would limit the applicability of § 6416 to refunds for overpayment of taxes validly imposed, and leave refunds for taxes erroneously or illegally collected subject to no statutory conditions.

The history of the refund provisions of the Internal Revenue laws is pertinent. Section 424 of the Revenue Act of 1928 provided that no refund would be made of any tax paid by or collected from a manufacturer "in respect of the tax imposed by" various provisions of the tax laws unless certain conditions were met. If a simple overpayment was involved, the taxpayer had only to show that fact. In other instances, however, the taxpayer had to satisfy the Commissioner that the tax had not been passed on or, if passed on, that it had been returned. In the alternative, the taxpayer could post a bond guaranteeing the distribution of any refund to his customers. The reason underlying these restrictions was that the Committee on Ways and Means did "not believe that,

as a general principle, the taxes paid upon such articles subsequently held to be not taxable should be refunded and thus unjustly enrich the manufacturers who merely collected the tax from the persons to whom they sold the articles." H.Rep. No. 2, 70th Cong., 1st Sess., p. 27 (1939–1 Cum. Bull. (Part 2) 384, 402). The constitutionality of § 424 was upheld in United States v. Jefferson Electric Manufacturing Co, 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859.

The provisions of § 424 were carried forward in § 621(d) of the Revenue Act of 1932, which reads that no "overpayment of tax" shall be refunded without compliance with the stated conditions. With reference thereto, the House Report said that "[n]o manufacturer or dealer should be permitted to recover an overpayment which in fact has been borne by the purchasers." H.Rep.No. 708, 72d Cong., 1st Sess., p. 39 (1939–1 Cum. Bull. (Part 2) 457, 485). The language of § 621(d) was construed in D. Gottlieb & Co. v. Harrison, N.D.Ill., 27 F.Supp. 424, 426, to include not only overpayments but also payments of taxes erroneously or illegally assessed. In Feitler v. Harrison, 7 Cir., 126 F.2d 449, 450–451, refunds of erroneously collected taxes were disallowed because of noncompliance with § 621(d). See also Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686.

With no material changes, § 621(d) appeared in the Internal Revenue Code of 1939 as § 3443(d). Courts construing this section have held that its intent was the prevention of unjust enrichment. Worthington Pump & Machinery Corp. v. United States, 122 F.Supp. 843, 846, 129 Ct.Cl. 87; Vogel v. Knox, D. Minn., 147 F.Supp. 10, 13. In 123 East Fifty-Fourth Street, Inc. v. United States, 2 Cir., 157 F.2d 68, the court affirmed a judgment allowing recovery of erroneously paid cabaret taxes which had been passed on to customers. The court said that § 3443(d) did not apply to the chapter imposing cabaret taxes.

Section 3443(d) was in turn replaced in the Internal Revenue Code of 1954 by § 6416(a), with which we are concerned. The language was changed to forbid any refund "of any overpayment of tax imposed by" other provisions, which include manufacturers taxes, unless the stated conditions were satisfied. The legislative history recognizes the rule that a "refund will be made only if there is a showing that the tax has not been passed on." H.Rep. No. 1337, 83d Cong., 2d Sess., p. A413, 3 U.S.Cong. News '54 4017, 4560. The intent is "to insure that a taxpayer has not been unjustly enriched by passing the tax on to his customers and then receiving a refund from the government." Air Lift Company v. United States, W.D.Mich., 286 F.Supp. 249, 254, affirmed, 6 Cir., 418 F.2d 558. Norris Dispensers, Inc. v. United States, 8 Cir., 325 F.2d 140, applied § 6416(a) to deny recovery of an erroneously collected tax that had been passed on to purchasers.

Frank Motor Homes, Inc. v. United States, E.D.Mich., 230 F.Supp. 782, affirmed, 6 Cir., 354 F.2d 660, was a suit for refund of taxes paid on self-propelled mobile homes. The court held that the product was not taxable under § 4061(a) and left for jury determination the question of whether the tax was included in the purchase price. 230 F. Supp. at 786. In Rogue River Trailer Manufacturing Co. v. United States, D. Or., 267 F.Supp. 272, 274, recovery of taxes paid on campers was disallowed. The court said that § 6416(a) was not satisfied because the evidence showed that the taxes were included in the price of the campers and thus passed on to the ultimate consumers. Sloat v. United States, N.D.Tex., 260 F.Supp. 73, was a suit for the refund of taxes paid on campers. The court denied recovery on the ground that the taxpayer had failed to establish that the taxes were not passed on to the purchasers.

All of the cases, except one, which have considered the applicability of § 6416(a) and its predecessors to erroneously collected taxes have denied recovery in the absence of compliance with the statutory conditions. The exception

is 123 East Fifty-Fourth Street, Inc. v. United States, 2 Cir., 157 F.2d 68. The case is not in point because the predecessor of § 6416(a) there under consideration did not, by its terms, apply to cabaret taxes. We are concerned with manufacturers taxes which are specifically covered.

The uncontested finding of the trial court is that the taxes in question were passed on to the purchasers of the campers. The argument that § 6416(a) does not apply because no taxes were imposed on campers does not impress us. The taxes were paid and collected in the belief that they were due under § 4061(a). The legislative history and the cases noted above convince us that § 6416(a) must be read to include all taxes paid in the belief that they were due under the relevant taxing section. Otherwise the congressional intent to prevent unjust enrichment is defeated.

Even if we accept the taxpayer's premise that § 6416(a) does not apply because of its technical wording, we reach the same result. The taxpayer's theory that § 7422(a) and (f) when taken with 28 U.S.C. § 1346(a) (1) eliminates equitable considerations in suits for tax refunds is unpersuasive. The argument has no authoritative support of which we are aware. The taxpayer has suffered no loss. It passed the taxes on. It told the trial court that any effort to obtain consents from the purchasers would be futile and in its brief in this court it says that the costs of such an effort would be prohibitive because "purchasers and users of slide-in campers are a notoriously nomadic group and are, therefore, exceedingly difficult to locate." The taxpayer evinces no intent to right the wrong which has been done to the purchasers of the campers. It wants a windfall for itself. As between the taxpayer and the United States, there is no showing that it is inequitable for the United States to keep the money. In any event the equity of the taxpayer is no greater than that of the United States and when equities are equal, the legal title will prevail. Williams v. Jackson, 107 U.S. 478, 484, 2 S.Ct. 814, 27 L.Ed. 529.

Affirmed.