**TRAVEL INDUSTRIES OF KANSAS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 57-70.**

United States Court of Appeals, Tenth Circuit.

Oct. 8, 1970.

R. B. Cannon, of Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., on brief, for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, and Richard Farber, Attys., Dept. of Justice, and Robert J. Roth, U. S. Atty., of counsel, on brief, for defendant-appellee.

Before BREITENSTEIN, SETH and HOLLOWAY, Circuit Judges.

## PER CURIAM.

In Travel Industries of Kansas v. United States, 10 Cir., 425 F.2d 1297, we held that where the amount paid as federal excise taxes on the manufacture of slide-in campers had been passed on to purchasers, the manufacturer was not entitled to refund in the absence of a showing that it had repaid the amount of the tax to the ultimate purchasers or had obtained their written consent to the refund. In the instant case plaintiff-appellant Travel Industries sues for the refund of taxes paid in other years than the year considered in our opinion. All issues but one were determined adversely to the taxpayer in our first decision.

Here an alternate contention of the taxpayer is * * * that it is entitled to a refund of approximately $20,000 because of consents executed by the purchasers. In its letters soliciting consents the taxpayer stated that the tax was not passed on but "for competitive reasons was absorbed by us without price adjustment." The district court held that this statement "was blatantly misleading and a plain misrepresentation of fact, whether so intended to be or not." We agree. The manufacturer cannot rely upon consents induced by such misrepresentation. The claim that equitable principles favor the taxpayer is also of no avail. The district court correctly held that the taxpayer failed to show that "in justice and good con-

science" it is entitled to any relief. See United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859.

Affirmed.