Don ROTHMAN, Receiver in Bankruptcy of Gibralter Coach Manufacturing Company, Inc., Plaintiff-Appellant,

v.

DISTRICT DIRECTOR OF INTERNAL REVENUE SERVICE OF the UNITED STATES of America, Defendant-Appellee.

No. 71-2341.

United States Court of Appeals, Ninth Circuit.

July 25, 1973.

Richard M. Moneymaker (argued), of Tiernan & Moneymaker, Los Angeles, Cal., for plaintiff-appellant.

Crombie J. D. Garrett (argued), Scott P. Crampton, Asst. Atty. Gen., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Arthur M. Greenwald, Asst. U. S. Atty., Los Angeles, Cal., Meyer Rothwacks, Charles E.

Anderson, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BARNES and WALLACE, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Appellant, Don Rothman, Receiver in Bankruptcy of Gibralter Coach Manufacturing Company, Inc. (receiver) is appealing from a final judgment of the trial court, granting a motion for summary judgment dismissing the preceding receiver's claim for a tax refund with prejudice.

The material facts are not in dispute. Gibralter Coach Manufacturing Company, Inc. (bankrupt) was a manufacturer of camper bodies and accessories for use on pickup trucks. In the course of its business, the bankrupt paid manufacturer's excise taxes in the amount of $57,563.74, imposed pursuant to Title 26, U.S.C. § 4061(a) and (b). On August 28, 1964, the bankrupt filed a voluntary petition in bankruptcy and was subsequently adjudicated a bankrupt.

On September 7, 1965, the decision in United States v. King Trailer Company, 350 F.2d 947 (9th Cir. 1965) held that the manufacturing of camper bodies and accessories were not "automobile truck bodies" and therefore not subject to the excise tax provisions of § 4061(a) and (b). The appellee concedes that the components manufactured by the bankrupt were not subject to excise taxes as a result of the decision in *King*, supra. The receiver filed a claim for a refund of the illegally collected taxes. The claim was submitted, together with written consents totaling $6,510.97 which had been obtained from the ultimate purchasers of the camper bodies in accordance with 26 U.S.C. § 6416(a).[1] On May 15, 1968 the Internal Revenue Service allowed the receiver a refund of $6,510.-97, the exact amount for which written consents had been obtained and submitted. On May 18, 1970, the receiver filed the present action for the *balance of the refund claimed* in the amount of $51,052.-77. The district court dismissed the receiver's cause of action on the ground he had not shown entitlement to a refund in excess of the amount of consents filed ($6,510.97) and entered judgment for the defendant-appellee.

The receiver is relying primarily upon the holding of Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966) which implies that where an otherwise constitutional statute, under the particular facts of a case, creates an inequitable result, the court will avoid the harsh effect of the statute in order to do equity. It is the receiver's contention that 26 U.S.C. § 6416(a) is such a statute when applied to the facts of this case and the trial court should have granted equitable relief.

The enactment of § 6416(a) was directed toward the prevention of any unjust enrichment flowing to a taxpayer who has collected excise taxes for the government, but has at the same time passed the economic burden of the taxes on to his customers in the form of higher prices. In order for the taxpayer to qualify for a refund of an illegally collected excise tax, he must provide the govern-

---

* The Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

1. Section 6416(a)(1) states: "No credit or refund of any overpayment of tax imposed by . . . chapter 32 (manufacturers taxes) shall be allowed or made unless the person who paid the tax establishes, under regulations prescribed by the Secretary or his delegate, that he—

(A) has not included the tax in the price of the article with respect to which it was imposed and has not collected the amount of the tax from the person who purchased such article;

(B) has repaid the amount of the tax to the ultimate purchaser of the article;

. . .

(D) has filed with the Secretary or his delegate the written consent of the person referred to in subparagraph (B) to the allowance of the credit or the making of the refund."

ment with written authority from the person or consumer who actually paid the tax. The receiver admits that he only submitted consents totaling $6,510.97, for which amount he was given credit. The receiver also concedes that the bankrupt collected the taxes and passed the economic burden on to the consumers, but denies that the bankrupt estate will be enriched by the refund since it will be distributed to those consumers who file a claim and the remainder will be distributed to creditors of the bankrupt.

The fallacy of the receiver's argument lies in the fact that he stands in the shoes of the bankrupt taxpayer and any recovery would go to the bankrupt's estate, thereby creating a windfall to the bankrupt since the economic burden of these taxes had been passed on to the consumers. In reality, the $57,563.74 paid to the government by the bankrupt never was the property of the bankrupt, but that of the persons actually paying it, the purchasers of the bankrupt's product. This court cannot accept the argument that it is inequitable to deny a person the right to money which he in fact never paid and who does not have authority to collect it for the person actually entitled to it.

■ The receiver is also challenging the constitutionality of § 6416(a). Although he recognizes that the Supreme Court in United States v. Jefferson Electric Co., 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859 (1933) upheld the constitutionality of § 424(a) of the Revenue Act of 1928, the statutory predecessor of § 6416 (a), he is now contending that the Supreme Court's rationale in upholding the constitutionality of § 424(a) is no longer supportable. We find no merit in this argument. In Travel Industries of Kansas, Inc. v. United States, 425 F.2d 1297 (10th Cir. 1970), the court traced the entire history of § 6416(a) from its inception in § 424(a) of the Revenue Act of 1928 to its present form and concluded that there had been no material changes in the statute or its underlying policy. This court is of the opinion that the decisions in *Jefferson Electric Co.*, supra and *Travel Industries*, supra are dispositive of this issue.

■ Finally, the receiver contests the government's action whereby $4,364.60 for unpaid withholding taxes owed by the bankrupt to the government was offset against the allowed refund for excise taxes. The appellee contends that this issue was not properly submitted in the trial court proceeding. We agree. According to the receiver's complaint, the action was instituted to obtain a refund of only the balance of the claim filed after deducting the $6,510.97. The receiver admits, in paragraph VII of his complaint, that said amount was refunded. The receiver never raised the issue of the offset in his complaint and never referred to it until he filed his brief in support of his motion for a summary judgment.

The receiver admits in his brief filed here that the Internal Revenue Service made the offset and that he received a refund of $2,852.23 in the bankruptcy proceedings. The reporter's transcript indicates at page 11 that the receiver made an objection to the offset in the bankruptcy proceedings but when a certain sum of money was paid by the government, the objection was withdrawn. It is the opinion of this court that the issue of the offset by the Internal Revenue Service was not properly submitted to the trial court and that the trial court was correct in refusing to consider it. Accordingly, the issue cannot be considered here.

The judgment is affirmed.