Eglin's 30th Street Garage Corporation, Appellant, *v.* Tax Review Board of Philadelphia, Appellee.

Argued October 4, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jerome E. Bogutz,* with him *David S. Rasner* and *Bogutz & Mazer,* for appellant.

*Leonard B. Rosenthal,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, January 4, 1974:

This appeal is from an order of the Court of Common Pleas of Philadelphia County affirming a decision of the Tax Review Board of the City of Philadelphia which had affirmed the Revenue Commissioner's denial of a refund of parking lot taxes totaling $67,464.34 paid by Eglin's 30th Street Garage Corporation (Eglin) for the years 1955 through 1969. We affirm.

The tax in question was paid under the Philadelphia Parking Lot Ordinance originally enacted July 21, 1937, which was amended on April 19, 1945 and further amended on April 7, 1955. This ordinance, as amended, imposes a tax at the rate of ten percent on the gross receipts of all transactions in and for the parking of automobiles or other motor vehicles on public parking lots in the City of Philadelphia.

The parking lot tax regulations issued by the Department of Collections defines a "public parking lot," in Article I, Section 101, as *"any unimproved piece of ground* within the City of Philadelphia used for the parking of more than three automobiles or other motor

vehicles for a charge, fee or other consideration." (Emphasis supplied.)

In February 1955, the Philadelphia Bulletin leased to Eglin a lot or piece of ground at the southwest corner of 30th Street and Pennsylvania Boulevard in the City of Philadelphia for the parking of automobiles. The parking area of approximately 25,000 square feet is paved and is on the street level with 30th Street and occupies less than one-half of the plaza in front of the Bulletin Building on the west side of 30th Street. Beneath this parking area is a lower level, approximately fifty percent of which is basement area of the Bulletin Building and the remainder of which is either railroad roadbed or track area adjacent to the Penn Central Railroad's 30th Street Station.

Eglin contends that the parking area just described does not constitute a "public parking lot" within the meaning of the ordinance. The regulations draw a distinction, justified by the terms of the ordinance, between taxable receipts from parking on open land and nontaxable receipts from parking which utilizes a building. The distinction is not arbitrary because land occupied by a substantial parking structure is assessed at the value of the land and buildings, whereas the open parking lot is assessed without any structure of substantial value.[1] *Philadelphia v. Samuels*, 338 Pa. 321, 12 A. 2d 79 (1940). However, we need not decide whether Eglin's improved structure removes it from the definition of a "public parking lot" since we conclude that Eglin has suffered no loss.

Eglin admits that during the years in question it publicly stated the charge for parking and the tax in question separately. Eglin passed the taxes on. There-

---

[1] Here the area used for parking was assessed for real estate tax purposes at $137,500.00 and the basement beneath the parking area was assessed for approximately $130,000.00.

fore, every cent of the $67,464.34 which Eglin now seeks to have refunded to it was paid to Eglin by its parking patrons specifically for taxes.[2] Eglin gives no indication here of any intent to right the alleged wrong which has been done to its customers by arranging for returning any refund obtained from the City to them. Eglin simply seeks a windfall for itself.

As between Eglin and the City of Philadelphia, the equity of Eglin is no greater than that of the City, and we will not accede to Eglin's claim for the money since it was only a conduit for collecting money for the City from those members of the public using Eglin's facilities. *See Travel Industries of Kansas, Inc. v. United States of America,* 425 F. 2d 1297 (10th Cir. 1970).

We are not confronted here with a situation where Eglin absorbed the tax and made payment from its own funds but, we repeat, Eglin acknowledges that it added the tax to its parking charge, posted it, and notified the public of this fact and kept its books and records accordingly, so that every penny of tax paid by its customers was transmitted to the City.

Concluding that Eglin has no cause of action against the Tax Review Board of Philadelphia, we need not pass upon the question of alleged procedural errors by the Board or whether the lower court abused its discretion in not affording Eglin a hearing de novo.

Order affirmed.

---

[2] Eglin kept its books and records to reflect the breakdown of rates charged and taxes attributable to those rates. Eglin then paid to the City the tax collected which was an amount less than the total that would have been determined by computing ten percent of the total price paid to Eglin by its patrons.