**ENGINEERED MECHANICAL SERVICES, INC.**

v.

**APPLIED MECHANICAL TECHNOLOGY, INC., et al.**

**Civ. A. No. 81–663–A.**

United States District Court, M.D. Louisiana.

July 3, 1984.

---

John Ziober, Baton Rouge, La., Allen H. Gerstein, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., for plaintiffs.

Carey J. Guglielmo, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion for the issuance of an injunction and an accounting for profits, damages and costs. Defendants have filed an opposition to the motion. No oral argument is necessary.

Plaintiffs filed this suit asserting trademark infringement and service mark infringement under the Lanham Act, 15 U.S.C. § 1114(1). After trial on the merits, this court found that plaintiffs were the owner and licensee of the registered mark "METALOCK," and that defendants were using the mark in such a fashion that there was a likelihood of confusion. 584 F.Supp. 1149 (D.C.La.1984). The court found that plaintiffs were entitled to injunctive relief prohibiting the continued use by defendants of the mark in question, and that plaintiffs were entitled to move for an accounting.

Although no final judgment has been signed in this matter, defendants have appealed from this court's "Findings of Fact and Conclusions of Law" rendered on April 16, 1984. While the district court ordinarily loses jurisdiction once an appeal is taken, the district court is not divested of jurisdiction when the appeal is clearly defective, either because it was taken from an unappealable order or because it was taken untimely, *United States v. Hitchmon*, 602 F.2d 689, (5th Cir.1979), rev'g 587 F.2d 1357 (5th Cir.1979), *Leonhard v. United*, 633 F.2d 599 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Where there is a likelihood that the court of appeals may hear the appeal, the district court, in the interests of judicial economy as well as fairness to the litigants, might well refrain from acting. *United States v. Hitchmon, supra*. In this case the defendants have appealed prior to the signing of final judgment, and the court will therefore consider the plaintiffs' motion.

Plaintiff, Engineered Mechanical Services, Inc., requests the issuance of a permanent injunction prohibiting the defendants from using the mark "METALOCK" and asks that defendants be directed to account and pay to plaintiff all profits realized from the use of that mark, all damages suffered by plaintiff, and all costs and attorney's fees. Plaintiff also requests that all damages be tripled and that defendants be directed to deliver for destruction all items with the mark "METALOCK."

Defendants do not oppose the injunctive relief in the form proposed by plaintiff. However, defendants argue that the award of an accounting of profits and attorney's fees is inappropriate since the evidence does not disclose the willful, malicious or fraudulent conduct required for such awards. Defendants also argue that plaintiff failed to prove any damages at trial.

The governing statute on the issue of monetary damages is 15 U.S.C. § 1117 and it provides as follows:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing the profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on the profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

## Accounting for Defendants' Profits

█ Under 15 U.S.C. § 1117, an accounting may be granted after plaintiff has established the infringement of a registered trademark, subject to the principles of equity. The accounting may be granted as a means of compensating a markholder for loss of diverted sales, as a form of redress for defendant's unjust enrichment or as a deterrent to further infringement. *Maltina Corporation v. Cawy Bottling Co., Inc.*, 613 F.2d 582 (5th Cir.1980).

█ However, the finding of infringement does not automatically entitled the plaintiff to an accounting. An accounting may be denied where an injunction will satisfy the equities of the case. *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947). Where little evidence is presented to show that plaintiff sustained any substantial amount of damage as a result of the infringement, equitable principles do not require an accounting as a matter of law. *Sweetarts v. Sunline Inc.*, 436 F.2d 705 (8th Cir.1971); *Siegerist v. Blaw-Knox Co.*, 414 F.2d 375 (8th Cir.1969); *Highway Cruisers of California v. Security Industries, Inc.*, 374 F.2d 875 (9th Cir.1967). Monetary relief is properly denied where an injunction will satisfy the equities of the case and there has been no showing of fraud or "palming off." Ordinarily it is necessary to show that defendant acted with deliberate intent to cause confusion, mistake or to deceive the purchaser. *Carl Zeiss Stiftung v. Veb Carl Zeiss Jena*, 433 F.2d 686 (2d Cir.1970) *cert. denied*, 403 U.S. 905, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). Even a showing of willful infringement does not necessarily require an award of profits where the evidence indicates that the defendant has suffered enough and is adequately deterred from future infringement. *Faberge Inc. v. Saxony Products, Inc.*, 605 F.2d 426 (9th Cir.1979).

█ Each case must be considered separately, on its own facts, and any award must be made in light of the equities involved. The evidence presented by the plaintiffs indicates that the plaintiffs' losses and defendants' gains as a result of diverted sales were minimal at best. The number of hours involved in conducting an accounting would outweigh any relief that the plaintiff might be entitled to. As a result, this court finds that, considering the equities of the case, that plaintiff is not entitled to an accounting as compensation for diverted sales or to prevent the defendants' unjust enrichment.

This court also finds that the defendants' conduct was not fraudulent and in bad faith. While the defendants knew of the conflict with the plaintiffs, the extensive litigation which had been conducted, some of which was resolved against the validity of the mark "METALOCK," led defendants

to believe that they were acting within the law. In any event, an accounting is not necessary to deter any future wrongful infringement. The injunctive relief and the costs of the litigation will adequately deter defendants' future conduct.

### Damages

■ Plaintiff argues that damages should be awarded even in the absence of evidence proving with certainty the degree of damage suffered. It is true that some courts have extended relief to plaintiffs who have been able to prove that were damages, but were unable to prove the amount of the damage. See *Big O Tire Dealers v. Goodyear Tire & Rubber Company*, 561 F.2d 1365 (10th Cir.1977), *cert. dismissed*, 434 U.S. 1052, 98 S.Ct. 905, 54 L.Ed.2d 805 (1978). However, plaintiff has failed to present evidence of any damage that they may have sustained.

Plaintiffs suggest that damages may be based upon estimated corrective advertising costs or the estimated damage to goodwill. However, the plaintiffs have presented no evidence on loss of goodwill, damage to their reputation, the need for corrective advertising and no evidence of any numerical values on which such an estimate could be based. In the absence of any evidence of actual damages, the court will not award an amount for damages. *See Maltina Corporation v. Cawy Bottling Co. Inc.*, *supra*.

### Costs

■ As a means of deterring future infringement, this court does find that defendants should be ordered to pay all costs of these proceedings as authorized by 15 U.S.C. § 1117.

### Attorney's Fees

■ Under 15 U.S.C. § 1117, attorney's fees may be awarded to the prevailing party in exceptional cases. The jurisprudence holds that such an award is at the discretion of the trial court and should be made on evidence of fraud or bad faith. *Safeway Stores Incorporated v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160 (11th Cir.1982); *John R. Thompson Co. v. Holloway*, 366 F.2d 108 (5th Cir.1966).

■ This case is not an "exceptional" one, and there was no evidence that defendants were acting in bad faith or fraudulently. Plaintiffs are not entitled to an award of attorney's fees.

I conclude that injunctive relief will adequately protect plaintiff's mark and deter future infringement. As a part of the injunctive relief defendants will be required to contact members of the buying public, including at least Allied Chemical, Monochem, BASF Wyandotte, Crown Zellerbach, and Transcontinental Gas Pipeline with a disclaimer that they cannot and do not perform "METALOCK" brand metal repairs because plaintiffs own the trade and service marks for that brand.

Accordingly, plaintiff's motion is GRANTED, insofar as it requests injunctive relief and that defendants be ordered to pay all costs. Plaintiff's motion is hereby DENIED insofar as it requests an accounting, damages and attorney's fees.

Counsel for plaintiff, Engineered Mechanical Services, is instructed to prepare a formal judgment and submit it for signature after having submitted it to opposing counsel.